[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#119)
The plaintiffs are members of the Begin family entitled to dispose of the remains of the decedent Charles Begin. On June 20, 1988, the decedent was declared dead on arrival at Charlotte Hungerford Hospital. On or about June 22, 1988, the plaintiffs contracted with the defendants to take possession of and care for the body of the decedent. The plaintiffs allege that the defendant, Timothy Driscoll, negligently informed the plaintiffs that the decedent had tested positive for AIDS. The decedent, however, did not have AIDS, and the statement by Driscoll was inaccurate. In a four count complaint the plaintiffs allege causes of action for negligent infliction of emotional distress, breach of contract, negligence, and breach of bailment.
On July 9, 1990, the defendants filed an answer denying the material allegations of the complaint. On November 15, 1990, the defendants filed a motion for summary judgment as to counts one and four of the plaintiffs' complaint. The plaintiffs, however, filed a memorandum of law and supporting affidavits in opposition to the motion for summary judgment.
"Summary judgment shall be rendered if the pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Conn. Practice Bk. 384. The moving party must show the absence of any material disputed issue. Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). When ruling on a motion for summary judgment, "the court must view the evidence in the light most favorable to the nonmoving party." Connell v. Connell 214 Conn. 242, 246-247 (1990).
The defendants move for summary judgment as to count one of the complaint on the ground that it is legally insufficient to state a cause of action for the negligent infliction of emotional distress.
To recover for unintentionally-caused emotional distress, the plaintiff has the burder of pleading and proving that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that distress if it were caused, might result in illness or bodily harm. See Buckman v. People Express, Inc.205 Conn. 166, 173 (1987).
An issue of fact exists as to whether the defendants knew or should have known that their conduct involved an unreasonable risk of causing emotional distress. Accordingly, the motion for summary judgment should be denied as to the first count of the complaint.
The defendants also move for summary judgment as to count four of the complaint, which count alleges breach of bailment on behalf of the plaintiff, Laurie Whynott, the common law wife of the decedent. The CT Page 360 defendants state that Ms. Whynott does not have a right to possession of the body of the decedent because Connecticut does not recognize common law marriages.
"Connecticut does not presently recognize, as valid marriages, living arrangements or informal commitments entered into in this state and loosely characterized as common law marriages." Collier v. Milford,206 Conn. 242, 248 (1988). However, "it is the gene any accepted rule that a marriage that is valid in the state where contracted is valid everywhere." Id. at 244. "The existence of a common law marriage is a question of fact." Id. at 249.
The summons attached to the plaintiffs' complaint indicates that the plaintiff Laurie Whynott resides in Maine. The affidavit of Laurie Whynott which was filed in objection to the motion for summary judgment states that Whynott "was the common law wife of the decedent, Charles Begin and lived with him for over ten (10) years. "The defendants have not filed an affidavit to counter the statements contained in Whynott's affidavit. Therefore, an issue of fact exists as to whether Whynott and the decedent entered into a valid common law marriage in a state that recognizes common law marriages. Accordingly, the motion for summary judgment is denied as to count four of the plaintiffs' complaint.
PICKETT, J.