[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION FOR SUMMARY JUDGMENT #105
ISSUE CT Page 4875
Whether the court should grant the defendant's motion for summary judgment because the defendant has proved that the plaintiff had no standing to bring this action.
FACTS
The following facts are alleged in the complaint. The plaintiff, Essex Leasing, Inc., is a Connecticut corporation with a principal place of business in Essex, Connecticut. The defendant, Vance Syphers, dba New Era Financial Services, executed a motor vehicle lease with open-end purchase option rider (the "June lease") with the plaintiff on June 2, 1988. The June lease provided that the plaintiff would lease a 1985 Mercedes Benz 500 SEL to the defendant for fifty-eight months and requires that the defendant would make monthly payments to the plaintiff.
The defendant ceased making monthly payments to the plaintiff according to the terms of the June lease. The defendant is in default on the June lease. Despite demand, the defendant has refused to make delinquent payments.
On May 23, 1988, the defendant executed a motor vehicle lease with open-end purchase option rider (the "May lease") with the plaintiff. The May lease provides that the plaintiff would lease a 1986 Porsche Turbo to the defendant for a period of fifty-eight months and requires the defendant to make monthly payments to the plaintiff.
The defendant ceased making monthly payments to the plaintiff according to the terms of the May lease. The defendant is in default on the May lease. Despite demand, the defendant has refused to make delinquent payments.
The defendant now moves for summary judgment. The pleadings are closed. Both parties have filed memoranda of law and have appended appropriate documentation thereto.
DISCUSSION
 "`Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991). CT Page 4876
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47 (citation omitted). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984) (citation omitted).
The defendant concedes that it entered into both leases with the plaintiff. The defendant alleges that the plaintiff contemporaneously assigned the leases to Liberty Bank and that this fact is revealed on the faces of the leases and that this assignment is not limited. The affidavit of the defendant states that all payments made under the leases were made to Liberty Bank. The defendant argues that there are no allegations in the complaint that the plaintiff retained any legal or equitable interest in the leases. The defendant argues that the plaintiff is without standing to bring this action because it has no interest in the leases on which the action is based.
 It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. "`Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy.'" Ardmare Construction Co. v. Freedman, 191 Conn. 497, 501, 467 A.2d 674 (1983), quoting Hiland v. Ives, 28 Conn. Sup. 243, 245, 257 A.2d 822 (1966).
Unisys Corporation v. Department of Labor, 220 Conn. 689,693, 600 A.2d 1019 (1991); Rose v. Freedom of Information Commission, 221 Conn. 217, 223-24, 602 A.2d 1019 (1992).
The plaintiff has appended to its objection to CT Page 4877 the defendant's motion for summary judgment the affidavit of C. Donald Von Staats, the Vice President of Essex Leasing, Inc., who avers to the following facts therein. The plaintiff and the defendant entered into two motor vehicle leases. The plaintiff executed and delivered two promissory notes to Liberty Bank in the principal sums of $50,0005.00 and $37,514.00. These promissory notes called for monthly payments of $829.00 and $555.00, respectively, to be made by the plaintiff to Liberty Bank. These payments correlate to the payments due under the leases. The plaintiff secured the promissory notes with two security agreements and two collateral assignments of the lease documents to Liberty Bank. The titles to the leased vehicles were pledged to Liberty Bank as additional security. The collateral assignment was not a complete and absolute assignment of the plaintiff's interest in the leases. The plaintiff retained an equitable interest in the lease documents. Liberty Bank reassigned the promissory note, collateral assignment of the lease documents and the security agreement subsequent to the defendant's default. Consequently, the plaintiff is the title owner of both leased vehicles and holds all rights under the lease documents.
Although the leases reveal on their faces that the leases were assigned, the nature of the assignment is not revealed. The documents appended to the plaintiff's objection to the defendant's motion for summary judgment as exhibits C and H indicate that the assignments were collateral in nature. These documents and the averments of Mr. Von Staats demonstrate that there exists a genuine issue of material fact regarding the absolute or collateral nature of the assignments of the motor vehicle leases from the plaintiff to Liberty Bank.
CONCLUSION
The court denies the defendant's motion for summary judgment because the defendant has failed to prove that there are no genuine issues of material fact regarding the plaintiff's lack of standing to bring this claim.
It is so ordered.
AUSTIN, J. CT Page 4878