[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#121)
I. FACTS
The following facts are alleged in the complaint. At all relevant times, defendant Nicholas Daukis held himself out as a physician and surgeon specializing in the field of ophthalmology and is licensed to practice medicine in the State of Connecticut and practiced in Middletown, Connecticut. At all relevant times, defendant John Daukis held himself out as a optometrist licensed in the State of Connecticut and practiced in Middletown, Connecticut. The defendants jointly provided eye care services at their common office in Middletown, Connecticut.
Plaintiff John Vernali was continually under the care and treatment of the defendants in and before December, 1988. John Vernali alleges that he suffered injuries caused by the failure of the defendants to exercise the proper degree of care.
Plaintiff Nancy Vernali is the wife of John Vernali. She allege that the injuries incurred by John Vernali have deprived her of the love, care, consortium, society and CT Page 6231 companionship of her husband.
The plaintiffs commenced this action by causing a true and attested copy to the writ, summons and complaint to be served on the defendants on June 13, 1990.
Nicholas Daukis now moves for summary judgment. The pleadings are closed. The parties have filed memoranda of law and appended appropriate documentation thereto.
II. DISCUSSION
 "`Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990) (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47 (citation omitted). "To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582
(1984) (citation omitted).
Nicholas Daukis argues that the plaintiffs' claims against him are barred by General Statutes 52-584[1], the statute of limitations applicable to medical malpractice actions, because John Vernali last treated with him in November of 1983 (Defendant's Memorandum, #122, Exhibit A. Deposition of Nicholas Daukis, pp. 54-55; Exhibit C, Deposition of John Vernali, pp. 41-42.) Nicholas Daukis argues that although John Vernali may have treated with John Daukis after November, 1983, the three year repose period expired as to Nicholas Daukis in November, 1986, well before the plaintiffs commenced this action.
The plaintiffs concede that John Vernali last treated with Nicholas Daukis (Plaintiff's Memorandum, pp. 4-5). The plaintiffs argue, inter alia, that Nicholas Daukis had a continuing duty to disclose that he had diagnosed that John CT Page 6232 Vernali was at a high risk of suffering an attack of acute angle-closure glaucoma. The plaintiffs further argue that Nicholas Daukis's duty to disclose this diagnosis continued at least until December of 1988 and, therefore, the action was timely brought. The plaintiffs also argue that this action was commenced within the time allowed by General Statutes52-584 because it was brought within two years of March 16, 1989, the date on which John Vernali discovered that he had glaucoma.
The parties rely, in part, on Connell v. Colwell, supra. In Connell, supra, the plaintiff's decedent consulted the defendant doctor due in part to a concern over a history of prostate cancer in the decedent's family. Connell v. Colwell, supra, 243-44. The plaintiff's decedent treated with the defendant from 1974 until 1982. Id., 243. In 1976, the defendant noted in the decedent's record: "Watch prostate — ? consult early," perhaps indicating that it would be prudent to suggest that the decedent consult with a urologist soon thereafter. Id., 244. In 1982, the defendant recommended that the decedent should consult a urologist. Id. In December of 1982, the consulting urologist requested an immediate biopsy which revealed that the plaintiff's decedent had cancer, which later caused the plaintiff's decedent's death. Id. The plaintiff filed a lawsuit in May of 1987. Id. The trial court granted the defendant's motion for summary judgment on the ground that General Statutes 52-584 barred the action because the decedent knew or should have known of the cause of action in 1982, when the cancer was first diagnosed. Id., 244-45.
The plaintiff in Connell appealed arguing, inter alia, that the limitations period had been tolled by the defendant's continuing failure to disclose material facts. Id., 245. The plaintiff argued that "the defendant was engaged in a continuing course of conduct such that his failure to warn the decedent of his misdiagnosis tolled the statute of limitations until 1986, when the plaintiff first reviewed the defendant's medical records." Id., 254. The court assumed, arguendo, that the defendant had a "duty to inform the decedent that he should have undergone a urological consultation in 1976." Id., 255. The court held, however, that this duty was rendered moot by the diagnosis of the consulting urologist in 1982. Id. The court stated:
 We conclude, therefore, that the statute of limitations, if tolled at all due to a continuing course of conduct on the part of the defendant, remained tolled only until the decedent was diagnosed in December, 1982, as having cancer of the prostate. Since suit was brought more than three years CT Page 6233 from that date, it was barred under 52-584.
Id.
"If a plaintiff is proximately harmed by a delay in a definitive diagnosis, a physician may be held liable. Schaecher v. Reinwein, 41 Ill, App.3d 1055, 1058,355 N.E.2d 351 (1976)." LaBieniec v. Bake, 11 Conn. App. 199, 203,526 A.2d 1341 (1987). An allegation that a physician delayed in rendering a definitive diagnosis is essentially a claim that the physician failed to warn his or her patient of a medical danger. "Because the negligent failure to warn is a continuing course of conduct, the statute of limitations does not begin to run until the course of conduct is completed. Prokolkin v. General Motors Corporation, 170 Conn. 289, 298, 365 A.2d 1180
(1976)." Cross v. Huttenlocher, 185 Conn. 390, 400,440 A.2d 952 (1981) (citation omitted) (Failure to warn patient of harmful effects of prescribed drug is continuing course of conduct); see Connell v. Colwell, supra, 254-55, quoting Fichera v. Mine Hill Corporation, 207 Conn. 204, 210,541 A.2d 472 (1988); Pinter v. Jerrett, 1 CSCR 482 (June 16, 1986, Ryan, J.) (failure to warn patient of harmful effects of prescribed drug is continuing course of conduct)[2]. This duty is discharged when the patient is warned of the danger. Connell v. Colwell, supra, 255.
In the present case, it is decided that Nicholas Daukis's duty to disclose his diagnosis that John Vernali was at a high risk of suffering an attack of glaucoma continued until John Vernali was informed that he had glaucoma on March 16, 1989. Because the action was commenced on June 13, 1990, it is found that the action was brought within the time allowed by General Statutes 52-584.
III. CONCLUSION
For the reasons herein stated, it is concluded that the defendant's, Nicholas Daukis's, motion for summary judgment ought to be and is hereby denied as he is not entitled to judgment as a matter of law since the action was brought within the time allowed by General Statutes Sec. 52-584.
It is so ordered.
ARENA, J.