[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT (#117)
The following facts are alleged in the complaint. At all relevant times, the plaintiff, Joseph Bials, was the owner of three parcels of land situated off Wilcox Hill Road in Portland, Connecticut. T M Building Co., Inc. ("T M"), a Connecticut corporation, was the owner of a parcel of land in Portland for which it sought approval from the Portland Planning and Zoning Commission for an eighty-two lot subdivision (the "subdivision"). As a condition of approval of the subdivision, T M was required to provide public water supply to the lots of the subdivision. T M chose to run the water supply up Wilcox Hill Road. The co-defendant Town of Portland (the "Town") is the local water company for the geographic area in which the subdivision is located. The Town has provided and is providing water to the subdivision. The water supply trespasses upon and through the plaintiff's property. The plaintiff has granted no easement to T M or the Town. The Town filed a Notice of Taking of/and Statement of Compensation for a portion of the plaintiff's property.
The first, second, third and fourth counts of the complaint are directed solely against the Town. The plaintiff alleges in the fifth count that the actions of the other co-defendants, the individual members of the Board of Selectmen (the "selectmen"), constitute a violation of thefifth and fourteenth amendments of the United States Constitution, article one, section two of the Connecticut Constitution and 42 U.S.C. § 1983 and 1988 and have deprived him of CT Page 7116 the quiet enjoyment of his property.
The selectmen now move for summary judgment on the portions of the fifth count directed against them. The pleadings are closed. The plaintiff and the selectmen have filed memoranda of law. Because the parties have accepted the facts as alleged in the complaint as true for the purpose of the present motion, the plaintiff and the individual selectmen have not appended any documentation to their memoranda. See Boulay v. Bigonesse, 3 CSCR 320, 321 (February 22, 1988, Noren, J.).
 "`Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations omitted.) Connell v. Colwell, 214 Conn. 242, 246,571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.) Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984).
The selectmen argue that they are entitled to absolute immunity by virtue of their status as municipal legislators. The selectmen's argument is based on Sims v. City of New London, 738 F. Sup. 638 (D.Conn. 1990), and cases cited therein. In Sims, supra, the court held that absolute legislative immunity applies to municipal legislators. Id., 643-44; see also Hallas v. Windsor 212 Conn. 338,339 n. 2, 562 A.2d 499 (1989) (trial court granted individual Town Council members' motion to strike complaint alleging illegality of appropriation on the ground of legislative immunity). The Sims court stated:
 In determining whether an official is protected by absolute immunity, the Supreme Court has adopted a functional CT Page 7117 approach: a court should "examine the nature of the functions with which a particular official or class of officials has been lawfully entrusted, and . . . evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." Forrester v. White, 484 U.S. 219, 224, 108 S.Ct. 538, 542, 98 L.Ed.2d 555 (1988).
Id., 644. The individual selectmen note that General Statutes Sec. 7-148(c)(3)(A) provides that municipalities have the authority to "take or . . . condemn . . . real or personal property. . . as the purposes of the municipality or any public use or purpose. . . require." The selectmen further note that "[t]he determination of what property is necessary to be taken in any given case in order to effectuate the public purpose is, under our constitution, a matter for the exercise of legislative power." Gohld Realty Co. v. Hartford, 141 Conn. 135, 146, 104 A.2d 365 (1954). Accordingly, absolute legislative immunity applies to the selectmen because their allegedly unlawful act was the taking or condemnation of the plaintiff's property.
The plaintiff argues that the individual selectmen's acts are not protected by legislative immunity because they were beyond their power in that the condemnation was made to bail out T M and not for any public purpose. The crucial inquiry is whether the municipal legislators are exercising a legislative function and not whether this particular legislative act was unlawful. See Sims v. City of New London, supra, 643-44. The individual selectmen's motives for the taking are irrelevant to the application of legislative immunity. Id., 645.
Accordingly the court grants the individual selectmen's motion for summary judgment because they have shown that there are no genuine issues of material fact and that the are entitled to judgment as a matter of law.
It is so ordered.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk CT Page 7118