[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: CROSS MOTIONS FOR SUMMARY JUDGMENT CT Page 7297
The three Motions for Summary Judgment in issue in the present action arise out of the alleged failure of the defendants to pay debts allegedly due to the plaintiff. The defendant William Raymond moves for summary judgment in his favor on the plaintiff's complaint and the plaintiff has filed cross motions for summary judgment as to his claim against the defendant William Raymond and the defendant Sharon Raymond.
In Count One of his Four Count Complaint, the plaintiff alleges that from April 25, 1985 through 1988 the plaintiff and the defendant engaged in a joint venture agreement for the financing and development of real estate projects. Plaintiff alleges that he and William Raymond were to share equally in profits or losses and that they have incurred a loss in excess of $338,000 for which William Raymond is 50% liable. Plaintiff also alleges that, despite demand, William Raymond failed to pay his share of the loss.
In Count Two, plaintiff alleges that William and Sharon Raymond requested plaintiff's assistance in obtaining a home improvement and auto loan in the amount of $45,000. The plaintiff further alleges that he obtained a loan in the amount of $80,000 secured by a mortgage on his personal residence and transmitted $45,000 of the loan to the defendants. In July of 1987, with the defendants consent and approval, the plaintiff allegedly refinanced the $80,000 loan by borrowing $400,000 with proceeds of the refinancing to be used substantially for a business venture of the plaintiff and William Raymond and to replace the source of the defendants' $45,000 loan. The plaintiff further alleges that the defendants failed to make payments on the $45,000 loan and are indebted to the plaintiff in that amount. In Count Three the plaintiff alleges that the defendants have been unjustly enriched as a result of their failure to repay the $45,000 debt plus interest. In Count Four the plaintiff alleges that William Raymond fraudulently transferred his interests in property located at 33 The Avenue, Greenwich, Connecticut to Sharon Raymond. CT Page 7298
On October 14, 1988 the court, Cocco, J. granted plaintiff's ex parte application for a prejudgment attachment in the amount of $241,362.50 on the defendants' interest on real property located at 33 The Avenue, Greenwich, Connecticut ("the defendants' property"). In May of 1991 the court, Mottolese, J. reduced the plaintiff's prejudgment remedy against the defendant Sharon Raymond to $45,000. The prejudgment remedy against William Raymond remained unchanged.
In March of 1989 William Raymond filed a Chapter 7 voluntary petition in bankruptcy in which the plaintiff was listed as a secured creditor. In June of 1989 William Raymond was released from all dischargeable debts. In June of 1990, the Trustee in Bankruptcy formally abandoned and interest of the bankruptcy estate in the defendants' property located at 33 The Avenue, Greenwich, Connecticut. The bankruptcy case was closed in December of 1990.
The defendant William Raymond moves for summary judgment in his favor on the plaintiff's complaint on the ground that the defendants' discharge in bankruptcy is a complete defense to this action. The plaintiff has filed a cross motion for summary judgment against William Raymond on the grounds of the legal defenses asserted by William Raymond are unavailing and that William Raymond is liable to the plaintiff for 50% of the overall operating losses and liable to the plaintiff for the $45,000 personal loan. The plaintiff further seeks a summary judgment in his claims against Sharon Raymond for her indebtedness to him in the amount of $45,000. The respective parties have filed extensive legal memoranda, affidavits and exhibits in support of their respective positions.
"Practice Book 384 provides that a summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' . . . A `material fact has been defined adequately simply as a fact which will make a difference in the result of a case . . . . `The test is whether a party would be entitled to a directed verdict on the same facts.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79 (1990). (citations omitted) "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445 (1984).
The defendant William Raymond moves for summary judgment in his favor on the complaint on the ground that the discharge in bankruptcy is a complete defense to the plaintiff's complaint. "However, such a discharge extinguishes only `the personal liability of the debtor'." (emphasis in original) (citations CT Page 7299 omitted). Johnson v. Home State Bank, ___ U.S. ___, 115 Lawyers L.Ed.2d 66 74 (1991). Under the bankruptcy code, 11 USCA 101
(36), a judicial lien is defined as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Connecticut prejudgment attachment liens have been interpreted as constituting judicial liens within the meaning of the bankruptcy code. In re: Minto Group Co., 28 B.R. 774, 780
(Bkrtcy. St. N.Y. 1983) "The majority of courts . . . hold that the bankruptcy code and its legislative history plainly established . . . that valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt." Estate of Lellock v. Prudential Insurance Co. of America, 811 F.2d 186,189 (3rd Cir. 1987). The discharge in bankruptcy does not extinguish the underlying debt but "only prevents debtors from being personally liable for the discharged debt and forecloses collection of any deficiency judgment, thereby limiting the claimant to enforce its collection efforts in in rem actions against property subject to a valid pre-bankruptcy lien guaranteeing payment of the debt." Matter of Moscoso Villaronga,111 B.R. 13, 18 (Bkrtcy. D.Puerto Rico, 1989).
In the present action, none of the affidavits or exhibits filed on behalf of the defendant William Raymond indicate that he sought to avoid the plaintiff's lien or to have that lien disallowed. In fact, the Trustee in Bankruptcy abandoned all interest in the defendants' property. The defendant has therefore failed to demonstrate that his defense of discharge in bankruptcy would bar the plaintiff from proceeding in rem against the defendants' attached property.
Accordingly, the Motion for Summary Judgment filed on behalf of the defendant William Raymond is hereby denied.
With respect to the plaintiff's Cross Motions for Summary Judgment, the three year old affidavit filed on behalf of the plaintiff provides an insufficient basis to resolve the issues of fact as to the debt claimed to be owed to the plaintiff. the affidavits filed on behalf of William Raymond state that the plaintiff's statements of sums owed are inaccurate, that the defendant incurred debt on behalf of the venture and that he does not owe the sums claimed to be due to the plaintiff. The affidavits filed on behalf of Sharon Raymond also establish the existence of factual issues with respect to her liability for the claimed $45,000 loan.
Accordingly, the Cross Motions for Summary Judgment filed on behalf of the plaintiff are hereby denied.
RUSH, J. CT Page 7299-A