[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action seeking to recover damages for personal injuries sustained on February 10, 1990 when he was shot in the back with a firearm by a an unknown assailant while he was a patron at a restaurant/bar known as Big Bill's Emporium located in Bridgeport, Connecticut. The First Count of he Complaint is brought against Arleno, Inc, as the "backer, proprietor and/or permittee." The Second Count is brought against Kevin Donovan as the "permittee and/or backer and/or proprietor." The defendant Kevin Donovan, has moved for summary judgment asserting that on the day the injuries took place, he was not the permittee, backer and/or proprietor of Big Bill's Emporium and therefore owned no duty to the plaintiff.
In support of the Motion for Summary Judgment, the defendant Kevin Donovan has filed an affidavit stating that he was formerly associated with the defendant Arleno, Inc., as an officer and shareholder and was a permittee of Big Bill's Emporium. The affidavit further states that on or about June 30, 1986, Kevin Donovan withdrew as permittee, officer and shareholder of Arleno, Inc., that on the day the plaintiff was injured (February 10, 1990), he had no relationship to Arleno Inc., or Big Bill's Emporium. Kevin Donovan has also filed an affidavit signed, under oath, by the Permit Manager of the Department of Liquor Control Commission which attaches copies of documents and states that the originals of the documents can be found in the files of the Department. The documents attached to the affidavit included a certificate of Substitution certifying that Arlene E. Raino was approved as a substitute for Kevin P. Donovan as permittee of Arleno Inc., and that she is authorized to sell alcoholic beverages at the address of Big Bill's Emporium for the period beginning June 30, 1986 ending April 7, 1987. The affidavit also attaches a Liquor Permit for Arlene Raino for the period from April 8, 1989 to April 7, 1990. The affidavit also attaches an Application for a Renewal for a Liquor Permit, received by the liquor control department on April 7, 1989 indicating Arlene E. Raino is permittee of Big Bill's Emporium and that Arleno Inc., is listed as the backer. Arlene E. Raino and William Raino are also listed as CT Page 7502 backers. The Application for the Renewal of the Liquor Permit also indicates that one of the partners who have withdrawn from ownership since the issuance of the present permit, was Kevin Donovan.
In opposition to the Motion for Summary Judgment, the attorney for the plaintiff has filed an affidavit stating that he submitted a letter, in January of 1992, to the Department of Liquor Control and personally received a return facsimile transmission with information thereon indicating that Kevin Donovan is the permittee and backer in the corporation known as Arleno Inc. A copy of the letter to the Department of Liquor Control has also been submitted. A letter to the Department of Liquor Control indicates the year of the shooting incident and requests certain information. Part of the information requested was in the following form: . . ."could you advise us as to who the applicant for the liquor license was and who the proprietor was, if not the same as the applicant, as well as their respective addresses." There is a hand written notation on the letter stating: "permit revoked 10/16/90 Kevin Donovon — permittee and backer in corporation (Arleno Inc.)." The affidavit filed by the attorney for the plaintiff is under oath but the hand written notation, contained upon the returned facsimile transmission is not under oath. The plaintiff has not requested additional time for discovery with respect to the claims made in the Summary Judgment proceeding. The plaintiff claims that the hand written notations constitute a sufficient basis upon which to deny the requested Summary Judgment.
The defendant Kevin Donovon has filed affidavits with the court, both by himself and by the Permit Manager to the Department of Liquor Control, establishing that on the day of the incident, February 10, 1990, Kevin Donovon had no relationship with Big Bill's Emporium, in any capacity, or with Arleno Inc.
The standards for the granting of a Motion for Summary Judgment have been set forth in various cases such as Hammer v. Lumbermen's Mutual Casualty Co., 214 Conn. 573, 578-579 (1900); and Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). The defendant has produced competent evidence by affidavit establishing his lack of connection to Big Bill's Emporium and with Arleno Inc. on the day the incident is alleged to have occurred. The evidence submitted by the moving defendant is not rebutted by a statement that an issue of fact exists and the plaintiff has not recited specific facts which contradict the facts stated in the movant's affidavits and documents. Hammer, supra at 579. The handwritten notations upon which the plaintiff relies are not set forth under oath and are not specifically related to the date of the alleged incident. The documentation submitted on behalf of the plaintiff is therefore insufficient to rebut the evidence submitted on behalf of the defendant. CT Page 7503
Accordingly, the Motion for Summary Judgment is granted.
RUSH, J.