[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF DEFENDANTS' FOR SUMMARY JUDGMENT (#145)
The following facts were found by the court, Austin, J., in his memorandum of decision, #141, on the plaintiffs' and Attorney Dowlely's cross motions for summary judgment. The plaintiffs, Robert V. LaMarche, Harry G. Link and Russell E. Fowler, are citizens and taxpayers of the Town of Middlefield, Connecticut. The defendant Town of Middlefield (the "Town") is a municipal corporation existing under the laws of the State of Connecticut and operates under a Charter, effective December 1, 1987, which provides for a town meeting form of government. The defendant David G. Webster is the first selectman of Middlefield. The defendant Eleanor H. Burgess is a selectman of Middlefield. The defendant Marianna Corona is and has been at all relevant times the chairman of the defendant Inland Wetlands Commission of the Town of Middlefield ("IWC"). CT Page 8132
On or about May, 1988, Marianne Corona and the IWC hired the defendant Attorney Michael F. Dowley to represent them with regard to a town referendum, the purpose of which was to abolish the IWC or to change its personnel.
The plaintiffs allege that the hiring of Dowley was illegal because it violated Charter Secs. 706 D, 502, 404 A, 404 B, 404 F (1), 404 F (3), 404 F (4), 404 G, 606 and 1011.
The plaintiffs further allege that on or about June 13, 1988, the defendant Board of Finance of Middlefield illegally appropriated funds to pay for the hiring of Attorney Dowely in violation of Chapter X of the Charter and Charter Secs. 404 A, 404 B, 404 F (1), 404 F (3), 404 F (4), 404 G, 502 and 706 D.
On June 14, 1988, then first selectman James Blois notified the IWC and the Board of Finance that the Board of Selectmen did not approve of the hiring of Attorney Dowley and that any debt incurred by the hiring of Attorney Dowley would not be paid by the Town of Middlefield.
Attorney Dowley entered upon the employment for which he was hired and by invoice dated December 6, 1988, billed the IWC for $3,929.00.
On December 14, 1988, then first selectman James Blois sent a memo to the Board of Selectmen, Marianne Corona and the members of the IWC and the Board of Finance which indicated that the hiring of Attorney Dowely was in violation of the Charter and that he would request the Board of Selectmen not to pay the bill.
At a special meeting of the IWC on December 17, 1998, the IWC voted to request the Board of Finance to reappropriate money for Attorney's Dowley's fee.
On October 2, 1989, a town meeting was held at which a resolution to approve the payment of Attorney Dowley's fee was defeated by a vote of 56 to 17.
Subsequent to this meeting, Attorney Dowley instituted a law suit against the Town of Middlefield seeking payment for services rendered.
On November 20, 1990, the current Board of Selectmen, including defendants David Webster and Eleanor Burgess, met at a regular meeting and, upon motion, voted not to follow the town meeting vote of October 2, 1989 and CT Page 8133 voted to settle the law suit brought by Attorney Dowley pursuant to Charter Sec. 404 F (3). The plaintiffs allege that this vote of the selectmen violated Chapter X of the Charter and Charter Secs. 706 D, 1005 and 1011 and that the vote was an ultra vires act.
The plaintiffs allege that they will be irreparably injured if the Town pays Attorney Dowley's bill.
On June 22, 1992, the court, Austin, J., rendered summary judgment in favor of Attorney Dowely and denied the plaintiffs' motion for summary judgment. The court found, despite the plaintiffs' arguments to the contrary, that the Town was estopped from refusing to pay Attorney Dowley's bill, that the IWC had, under the circumstances, the implied authority to hire outside counsel and that the Board of Selectmen acted within its powers in voting to settle Attorney Dowley's law suit.
The Town, the IWC, the Board of Finance, First Selectman David Webster and Selectperson Eleanor Burgess (the "defendants") now move for summary judgment. The pleadings are closed. The parties have filed memoranda of law and appended appropriate documentation thereto.
 "`Practice Book Sec. 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990) (citations omitted). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47 (citation omitted). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984) (citation omitted).
The defendants argue that all relevant issues CT Page 8134 in this case have been resolved by the memorandum of decision of the court, Austin, J., on Attorney Dowley's motion for summary judgment.
The defendants also cite the case of Chalker v. Town of Old Saybrook, 12 Conn. Sup. 192 (C.P. 1943). In Chalker, supra, the Zoning Board of Appeals of Old Saybrook instituted an action in the Superior Court to enforce an order of the Zoning Board of Appeals. Id., 194. The defendant Town, acting through its first selectman, was not in favor of the Zoning Board of Appeals instituting legal proceedings to enforce this particular order. Id., 193-94. The plaintiff, the chairman of the Zoning Board of Appeals, hired outside counsel to represent the Zoning Board of Appeals to pursue the action to enforce the order. Id., 194. After the enforcement action was concluded, the plaintiff sued the town seeking reimbursement of attorney's fees and court costs. Id., 193. The Chalker court held for the plaintiff, stating:
 The board's power conferred by law to institute legal proceedings to safeguard its mandate, should be held to include the right to engage counsel in pursuance thereof. This appears particularly true when, as in the case at bar, the First Selectman, who has nothing to do with the enforcement of the board's mandates, decides that the interest of the town does not require the instituting of proceedings in a court to enforce the official actions of the board. Were the rule otherwise, the function of a zoning board would become a nullity; the enforcement of its orders would be made to depend upon considerations that could well be extraneous in character, depending upon the state of mind of other town officials and their personal inclinations respecting individual matters which had come before the board for official action and upon which official action had been taken.
Id., 195-96.
The plaintiffs argue that the doctrine of law of the case is not written in stone; Rosenblit v. Danaher,206 Conn. 125, 132, 537 A.2d 145 (1988); Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982); and argue that Judge CT Page 8135 Austin's memorandum was not legally well-founded.
The plaintiffs' brief merely asserts the arguments heard and rejected by Judge Austin in ruling on Attorney Dowley's motion for summary judgment.[1] The court finds that Judge Austin's memorandum is the law of the case and disposes of the issues presented on the defendant's motion for summary judgment. Chalker v. Town of Old Saybrook, supra, reinforces the argument that a municipal board has the right, when the municipal attorney is unavailable to the board, to engage outside counsel in the pursuance of its lawful objectives.
The court grants the defendants' motion for summary judgment because there are no genuine issues of fact and the defendants are entitled to judgment as a matter of law because the Town is estopped from refusing to pay Attorney Dowley's bill and because the IWC had, under the circumstances, the implied authority to hire outside counsel and because the Board of Selectmen acted within its powers in voting to settle Attorney Dowley's law suit.
It is so ordered.
HIGGINS, J.