[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, United Jersey Bank/Commercial Trust, of Hackensack, New Jersey, to collect on a promissory note executed, according to the complaint, by defendant Bruce Minoff on November 13, 1989, in the principal amount of $200,000. The complaint alleges that Minoff failed to pay said note when due, and the plaintiff seeks interest, attorney's fees and costs of collection. The defendant filed an answer admitting the execution of the note but not "its present enforceability." Minoff also denied that "periodic payments were required under said note."
Plaintiff has now moved for summary judgment (#109), claiming that there are no genuine issues of material fact, and that it is entitled to judgment as a matter of law. Practice Book 384. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772,780-81, 595 A.2d 334 (1991).
Neither party has submitted affidavits or other sworn testimony, but both rely on the complaint and the answer. "The party moving for summary CT Page 2828 judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitled him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582
(1984).
The plaintiff has not met that burden in this case because the answer filed by defendant brings into question several of such issues, viz., whether the note is presently enforceable, whether periodic payments on the note are required, and whether the defendant is indebted to the plaintiff.
Therefore, plaintiff's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of March, 1993.
William B. Lewis, Judge