[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT GENE GUALLAZZI'S MOTION FOR SUMMARY JUDGMENT
I. FACTS
The present case arises from the alleged negligent construction of a septic system which was part of a newly built family residence on property known as 17 Witchhazel Drive located in Deep River, Connecticut (hereinafter "subject premises").
On July 22, 1991, the plaintiffs, Anthony Bartone and Linda Bartone, homeowners (hereinafter "plaintiffs"), filed the present action against several defendants including Robert L. Day Co., Inc., general contractor and developer, Robert L. Day, president of Robert L. Day Co., Inc., Robert L. Day, II., employee of Robert L. Day Co., Inc., Gene Gualazzi, subcontractor and president of Twin Oak Construction, Landon CT Page 8222 Woodcock, former Public Health for the Town of Deep River and the Town of Deep River.
In the plaintiffs' third amended complaint dated June 14, 1993, they allege ten counts against the various defendants. The sixth count of the plaintiffs' complaint is directed against the defendant, Gene Gualazzi, subcontractor and president of Twin Oak Construction (hereinafter "defendant").
In their sixth count, the plaintiffs allege that the defendant was negligent in the installation and construction of the septic system at issue.
On August 17, 1993, the defendant requested permission to file his motion for summary judgment which was granted by Judge Arena pursuant to an order Dated August 19, 1993. On the same date, the defendant filed his motion for summary judgment with supporting memorandum of law and evidence. The defendant argues that there are no issues of material fact and that the defendant is entitled to judgment, as a matter of law, on the ground that the three-year statute of limitations, pursuant to General Statutes Sec. 52-577, bars the plaintiffs' action, as against the defendant.
On August 17, 1993, the plaintiffs filed their opposition to the defendant's motion for summary judgment.
On October 5, 1993, the defendant's motion for summary judgment was heard before this court.
II. DISCUSSION
Practice Book Sec. 379 provides in pertinent part that:
 In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in Sec. 257(d), any party may move for summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial.
CT Page 8223
"Practice Book Sec. 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 383 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . ." (Citation omitted.) Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." (Citation omitted.) Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
In his motion for summary judgment, the defendant claims that there is no genuine issue of a material fact and that he is entitled to judgment as a matter of law. This assertion is based on the defendant's argument that the plaintiffs' action, as against the defendant, is barred by the statute of limitations, pursuant to General Statutes Sec.52-577.
General Statutes Sec. 52-577 provides that "[n]o action founded upon tort shall be brought within three years from the date of the act or omission complained of."
The defendant argues that a previous decision rendered by this court on June 24, 1993, involving the present action, is preclusive on the issue as to the approximate date that the three-year statute of limitations began to accrue, pursuant to General Statutes Sec. 52-577. Bartone v. Robert L. Day Co., Inc., Superior Court, judicial district of Middlesex, Docket No. 062749 (June 24, 1993, Arena, J.)
In that decision, involving motions for summary judgment brought by the defendants, Robert L. Day, Robert L. Day, II., and Robert L. Day Co., Inc., and a cross-motion for summary judgment brought by the plaintiffs, the court found that the statute of limitations began to run in the spring of 1987, at which time the evidence supports that the plaintiffs became aware of the defective septic system. Id. CT Page 8224
However, this court found that issue of fact remained as to whether the statute of limitations was tolled by fraudulent concealment to the plaintiffs' cause of action by the defendants, Robert L. Day, Robert L. Day, II., and Robert L. Day Co., Inc., pursuant to General Statutes Sec.52-595.[1]
 Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances. State v. Hoffler, 174 Conn. 452, 462-63, 389 A.2d 1257 (1978); State v. Mariano, 152 Conn. 85, 91-92, 203 A.2d 305 (1964), cert. denied, 380 U.S. 943, 85 S.Ct. 1025, 13 L.Ed.2d 962 (1965).
Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982); see Ratner v. Willametz, 9 Conn. App. 565, 578, 520 A.2d 621
(1987).
In the present action, the plaintiffs have failed to offer any evidence in opposition which would prove that the defendant attempted to fraudulently conceal the plaintiffs' cause of action. It is decided that there remains no genuine issues of a material fact concerning the issue of fraudulent concealment as to the defendant.
Accordingly, it is found that the plaintiffs' cause of action, as to the defendant, is barred by the three-year statute of limitations, pursuant to General Statutes Sec.52-577, where the time period to bring suit expired in the spring of 1990, more than a year prior to the plaintiffs' filing of the present action.
III. CONCLUSION
For the reasons hereinstated, it is concluded that the court ought to and does hereby grant the defendant's motion for summary judgment as to the sixth count of the plaintiffs' third amended complaint dated June 14, 1993 on the CT Page 8225 ground that there remains no genuine issues of a material fact and that the defendant is entitled to judgment, as a matter of law, where the plaintiffs' action, as against the defendant, is untimely and barred by the three-year statute of limitations, pursuant to General Statutes Sec. 52-577.
ARENA, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision. File remains pending in other respects.
Michael Kokoszka, Chief Clerk