[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Defendant, Paul H. Mikkelson, Jr., moves for summary judgment in this case in which his former employer, Allen, Russell Allen (hereinafter, "ARA"), an insurance broker, has brought suit. In essence, the plaintiff alleges that Mikkelson, who voluntarily left ARA to commence employment with another insurance company, violated a September 21, 1989, agreement with ARA not to solicit and accept ARA clients if he left ARA. Defendant argues that the agreement was not supported by consideration and is therefore void. Defendant moves for summary judgment as to Count One, alleging breach of contract. Defendant also moves for summary judgment as to Counts Two and Three, alleging tortious interference with a contract, and a CT Page 5307 CUTPA violation, respectively, arguing that these counts are dependent on Count One.
A heavy burden rests on a defendant moving for summary judgment to demonstrate the non-existence of genuine issues of material fact in dispute. Practice Book § 379. In deciding the motion, the court must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell,214 Conn. 242, 246 (1990). To satisfy his burden, the movant must exclude any real doubt about the existence of a genuine issue of material fact. Fogarty v. Rashaw, 193 Conn. 442, 445
(1984). In cases involving interpretation of the meaning of a contract, whether or not there has been a meeting of the minds is at issue. Nationwide Mutual Insurance Co. v. Cassin,221 Conn. 1, 6 (1992). Summary judgment is particularly inapplicable in cases where a party is asking the court to draw inferences as to intent. Batick v. Seymour, 186 Conn. 632, 646-47
(1982).
In this case, genuine issues of material fact remain in dispute. Specifically, the affidavits of Mikkelson, Richard Woods, and Samuel D. Crum, when read together, indicate that Mikkelson's status, prior to executing the September 21, 1989 agreement, is unclear.
Upon the issue of his status depends whether or not the September 21, 1989, agreement provided adequate consideration to Mikkelson. Paragraph 5 of that agreement provides that:
 In consideration for the aforesaid agreement, Allen, Russell Allen, Inc. agrees that it will not terminate Employee's employment except for cause. Allen, Russell Allen, Inc. also agrees to provide (3) months salary to Employee upon such termination.
If Mikkelson is found to have been an employee who could have previously been terminated solely at the employer's discretion and for no cause, then paragraph 5 would have provided two potential benefits to him at the time the September 21, 1989, agreement, was entered into. The first potential benefit provided that his employment would not be terminated except for "cause." The second provided that if terminated for "cause," he would receive three months salary. The fact that CT Page 5308 the benefits were never in fact provided to him because he voluntarily left the employment of ARA would not vitiate the adequacy of the consideration since it is the promise of a benefit to Mikkelson, and a corresponding detriment to ARA — not a benefit or detriment itself — which provides the consideration. See Calamari and Perillo, Contracts, Section 4-18 (1977) ("As has been previously suggested the possibility of detriment is a sufficient basis for the existence of consideration . . . Very often parties reach an agreement, the performance of which is agreed to be contingent upon some future event.") See BrianConstruction Development Co. v. Brighenti, 176 Conn. 162, 166
(1978).
Defendant argues that the language of paragraph 5 is ambiguous and must be interpreted against plaintiff because plaintiff drafted the language of the agreement and because the agreement is in restraint of trade. Defendant argues that the promise that defendant would not terminated except for "cause" is meaningless because the term "cause" is too vague to have meaning, thereby conferring no benefit on defendant. However, even if the word "cause" as used in paragraph 5 is susceptible to differing interpretations, the court cannot accept the defendant's argument that it must read the first sentence of paragraph five to have provided no benefit whatever to defendant and therefore no consideration at all to defendant. The trier of fact, presented with a full record at trial, might very well conclude that "cause" was intended to be synonomous with "just cause" or "reasonable cause". While essential terms of a contract as to which there has been no meeting of the minds cannot be supplied by implication, there is as a general rule an implied covenant of good faith and fair dealing in every contract. 17A Am.Jur.2d, Contracts, Sec. 380. Looking at the contract in its entirety, and with the goal of ascertaining the intention of the parties, such a construction would not be unreasonable.
Because material issues of fact exist as to Mikkelson's status and whether or not adequate consideration for the agreement was provided, viewing the issues most favorably to the nonmovant, the motion for summary judgment is denied. The existing issues of material fact must be decided by the trier after a full hearing.
Defendant's request to strike paragraph 4 of Samuel Crum, Jr.'s, affidavit is also denied. Insofar as it arguably CT Page 5309 states a legal conclusion of the affiant, it is not relied upon by the court in reaching its above-stated determination that genuine issues of material fact exist as to defendant's status before, and at the time, he entered into the September 21, 1989, agreement.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT