[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Elton Williams for plaintiff.
Michael E. Riley for defendant.
In this action, the plaintiff, Patrick McMahon, seeks to recover under the underinsured motorist coverage provisions of his automobile insurance policy with the defendant, Aetna Life 
Casualty. The defendant has moved for summary judgment, arguing there are no material issues of fact in dispute. Unfortunately, the court has not had the benefit of plaintiff's analysis because plaintiff has not filed any response to defendant's motion. In deciding the motion, the court must view the evidence in the light most favorable to the nonmoving party. Connell v.Colwell, 214 Conn. 246 (1990). A heavy burden rests on a defendant moving for summary judgment to demonstrate the non-existence of genuine issues of material fact. Practice Book § 379Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). The defendant has met this burden in the present case.
This action is disposed of by reference to Public Acts 1993, No. 93-77 (P.A. 93-77). This act amended General Statutes § 38a-336
by adding the following provisions: "(e) No insurance company doing business in this state may limit the time within which any suit may be brought against it or any demand for arbitration on a claim be made on the uninsured or underinsured motorist provisions of a motor vehicle policy to a period of less than three years from the date of the accident, provided, in the case of underinsured motorist claim the insured may toll any applicable limitation period (1) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits CT Page 7977 and (2) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlements or final judgments after any appeals."
Although there may be a dispute concerning whether the plaintiff has satisfied the first requirement for tolling the three year limitation period,[1] there is no dispute concerning the second requirement. The plaintiff has responded to the defendant's interrogatories by indicating that the tortfeasor's insurance policy was paid to the plaintiff, and thus exhausted, in all probability by August 19, 1992, and clearly no later than October 8, 1992. This action was not commenced until October of 1993. This is beyond the 180 day requirement of P.A. 93-77, and thus the action is time barred.
Accordingly, the defendant's motion for summary judgment is granted.
Lavine, Judge.