[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs commenced this proceeding against the defendants by way of an Application to Compel Production of CT Page 13027 Medical Records. The first count alleges that the defendants violated General Statutes § 20-7c ("Health Care Records Act" or "Act") by charging attorneys a fee for copies of patient health records in excess of that permitted by the statute and by failing to release patient records upon payment of the statutory fee.[1] The second count alleges that the foregoing acts constituted a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a. The plaintiffs filed an Amended Application to Compel Production seeking to convert the action to a class action pursuant to General Statutes §§ 52-104 and 52-105 and Practice Book §§ 86 et seq.,[2]
and adding a third count alleging that the acts of the defendant alleged in the First Count constituted an unfair sales practice within the meaning of General Statutes § 42-115e. The defendants filed an amended answer with two special defenses. The second special defense, which is relevant defense for purposes of this motion, alleges that prior to the October 1993 revision of General Statutes § 20-7c, the statutory fee "cap" applied only to requests for medical records made by patients themselves. The defendants therefore claim that the fees they charged other requesting parties, even if those parties were acting on behalf of a patient, were not governed by General Statutes § 20-7c.
The defendants have filed a motion for summary judgment based on their second special defense. The plaintiffs have filed an opposing arguing that the term "patient", even prior to the 1993 revision, was defined in General Statutes § 20-7b to include a person the patient "designates in writing as his representative."[3] Therefore, according to the plaintiffs, the defendants violated General Statutes § 20-7c by charging fees to attorneys who had written authorization from the patients to obtain such records because those attorneys were encompassed within the definition of "patient" in § 20-7b. The defendants filed a reply brief arguing that the legislature would not have amended § 20-7c in 1993 to include attorneys if the definition of "patient" in § 20-7b had previously been intended to include attorneys.
Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Gurliacci v. Mayer, 218 Conn. 531, 562, 590 A.2d 914 (1991), quoting Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399,402, 528 A.2d 805 (1987). "A `material' fact has been defined CT Page 13028 adequately and simply as a fact which will make a difference in the result of the case.' Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 805 (1987)." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). The test for granting summary judgment "`is whether a party would be entitled to a directed verdict on the same facts.'" Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105-06, 639 A.2d 507 (1994), citing Connellv. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990).
The party moving for summary judgment "has the burden of showing the absence of any genuine issue as to all the material facts which . . . entitled him to a judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp., supra, 229 Conn. 105. The trial court, therefore, "must view the evidence in the light most favorable to the nonmoving party." Id. Furthermore, "[t]o satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
Prior to its revision in 1993, General Statutes § 20-7c, when read concurrently with § 20-7b, required that a health care provider furnish a patient, or a person the patient designated as his representative in writing, with copies of the patient's health records, upon request, at a maximum cost of twenty-five cents per page, plus first class postage, if applicable. Subsequently, pursuant to P.A. 93-316, General Statutes § 20-7c was amended to require providers to furnish copies of a patient's health records upon written request by a patient, which includes a person the patient designates in writing as his representative pursuant to § 20-7b, the patient's attorney or authorized representative, or pursuant a written authorization, subject to a maximum per-page fee of forty-five cents, plus first class postage, if applicable.
The defendants argue that if the legislature had intended to include attorneys within the Act as it existed prior to October 1, 1993, by including attorneys within the definition of "patient" in § 20-7b, it would not have thereafter explicitly provided for attorneys in the 1993 amendment, because "the legislature does not enact needless or unnecessary legislation." Thus, according to the defendants, the pre-1993 Act could not have covered requests from patients' attorneys, and the CT Page 13029 defendants therefore did not violate the Act by charging attorneys a $25.00 fee for furnishing copies of the patient's health records.
The defendants' arguments are not persuasive. General Statutes § 20-7c, which is governed by the definitions provided in General Statutes § 20-7b, explicitly includes, under the definition of "patient", a person designated in writing as the patient's representative. General Statutes § 20-7b(a) has not been altered throughout the Act's various amendments. General Statutes § 20-7b contains no limiting or qualifying language restricting attorneys, or anyone else, from serving as a patient's representative, and there is no qualifying language with respect to the term "representative".[4] Moreover, the standard dictionary definition of "representative" is quite broad, encompassing "any person empowered to act for another." Black's Law Dictionary (5th Ed. 1979). Furthermore, the General Statutes frequently define "attorney" and "representative" as being cloaked with the same responsibilities, powers and duties, and they often share the same or a similar definition.[5]
Clearly, the law has for some time recognized that attorneys can be and frequently are "representatives". The legislature did not provide anew for attorney coverage under the Act when it amended the General Statutes § 20-7c in 1993. Rather, as discussed above, attorneys were covered under the Act, provided they were "designate[d] in writing as [the patient's] representative." Public Act No. 93-316 simply brought attorneys, authorized representatives, and others having written authorization, within the coverage of the Act without first having to obtaindesignation in writing as the patient's representative. Thus, P.A. 93-316 simply changed the Act to permit attorneys and others to obtain patient's medical records at the statutory fee without having to go through the pre-1993 formalities. Attorneys would therefore have been covered under the act, prior to October 1, 1993, if they came within the definition provided in General Statutes § 20-7b as having been designated in writing as a patient's representative.
The plaintiffs have alleged that their attorneys requested health records pursuant to written authorization, and a representative of the defendants has admitted that records would not have been released without such written authorization. If this issue of fact is finally resolved in the plaintiffs' favor, the defendants would have violated General Statutes § 20-7c, as it existed prior to the 1993 amendment, by charging those CT Page 13030 attorneys a fee in excess of that permitted by the Act.
Because a question of fact remains, and because the defendants are not entitled to judgment as a matter of law, the defendants' motion for summary judgment is denied.
Bruce L. Levin Judge of the Superior Court