THOMAS P. FOGARTY *v.* CRAIG RASHAW ET AL.
(12130)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued April 12—decision released June 19, 1984

*Louis B. Blumenfeld,* with whom were *Patrick J. Flaherty* and, on the brief, *Karen J. Casey,* for the appellant (plaintiff).

*Marc N. Needelman,* with whom, on the brief, was *Edward Seltzer,* for the appellees (defendants).

PER CURIAM. The plaintiff, Thomas P. Fogarty, brought this action for personal injuries received in a two-car collision against Craig Rashaw, as the driver, and against his father, Warren C. Rashaw, as the owner of one of the vehicles involved. The court rendered a summary judgment for the defendants from which the plaintiff has appealed claiming error (1) in granting the summary judgment without a sufficient basis in the sup-

porting documents and (2) in refusing his request for a continuance in order to depose the defendant Craig Rashaw, who was in the military service. We find error in the rendition of the summary judgment and, therefore, do not reach the second issue.

The complaint alleged that on May 22, 1980, the plaintiff was a passenger in a car operated by Henry R. Campbell which was proceeding north on Maple Hill Avenue in Newington; that the defendant Craig Rashaw, as the agent of his father, Warren C. Rashaw, was driving the family car south on the same highway; and that a violent collision of these vehicles occurred which caused the plaintiff's injuries. The allegations of negligence against Craig Rashaw were (1) excessive speed; (2) lack of reasonable control; (3) absence of a proper lookout; (4) failure to apply his brakes in time to avoid the collision when he could have done so and (5) failure to turn his car to avoid the collision when he could have done so.

In support of their motion for summary judgment the defendants filed an affidavit of William M. Buzanoski, who declared that he had witnessed the accident as he was driving a car behind the vehicle operated by Craig Rashaw. The affiant said that the automobile operated by Campbell, in which the plaintiff was a passenger, had crossed the center line of the road into the lane of oncoming traffic just before the collision without displaying any mechanical signal. He maintained that Campbell had "operated his vehicle erratically and crossed the center line three or four times before the collision," and "was to blame for the accident." The affidavit stated that Rashaw was traveling "at approximately 30 m.p.h. to 35 m.p.h." and that he had applied his brakes when the Campbell car crossed the center line.

The defendants also submitted several other documents as exhibits with their motion, none of which would qualify as an affidavit because of the absence of an oath. These were the unsworn but recorded statements of Craig Rashaw, William Buzanoski and two other witnesses; a motor vehicle report of Henry Campbell; and a police report of the investigating officer. The defendants appear to recognize that, except for the portion of the police report containing the personal observations of the police officer, none of these statements would have been admissible against the plaintiff because of the hearsay rule. They could not, therefore, have been relied upon to support the motion for summary judgment. Practice Book § 381.[1]

The plaintiff also filed an affidavit, but he stated no facts concerning the reasons for the collision. Instead, he sought an opportunity to depose Craig Rashaw in relation to the operation of his vehicle just before the collision.

The court concluded that "[t]he affidavit of William Buzanoski removes any real doubt as to the existence of any genuine issue of material fact." The request for a continuance for the purpose of deposing Craig Rashaw, who was overseas in the military service, and, therefore, unavailable in the near future, was denied because it seemed to the court unlikely that he would contradict the Buzanoski affidavit materially.[2]

The failure of the plaintiff to controvert by affidavit or otherwise any of the facts set forth in the Buzanoski

---

[1] "[Practice Book] Sec. 381. ——FORM OF AFFIDAVITS

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto."

[2] As mentioned previously, it is unnecessary for us to consider the claims of error related to this ruling in view of our conclusion that the summary judgment motion was improperly granted.

affidavit entitled the court in deciding the summary judgment motion to rely upon those facts as stated. *Bartha* v. *Waterbury House Wrecking Co.,* 190 Conn. 8, 11–12, 459 A.2d 115 (1983). *Rusco Industries, Inc.* v. *Hartford Housing Authority,* 168 Conn. 1, 5, 357 A.2d 484 (1975). The affidavit relied upon, however, addressed only the plaintiff's allegations that Craig Rashaw had used excessive speed and the implication that he had failed to apply his brakes. It also indicated statutory negligence on the part of Campbell by virtue of his crossing the center line of the highway. General Statutes §§ 14-230, 14-231. His negligence, of course, was not imputable to the plaintiff. *Sampson* v. *Wilson,* 89 Conn. 707, 709, 96 A. 163 (1915). The affidavit contains no facts to refute the plaintiff's allegations that Craig Rashaw failed to keep his car under reasonable control, to maintain a proper lookout, and to apply his brakes or turn his vehicle in time to avoid the collision when he had an opportunity to do so. It "did not even purport to show the nonexistence of all the issues of fact raised by the pleadings relating to common-law negligence . . . ." *Plouffe* v. *New York, N.H. & H.R. Co.,* 160 Conn. 482, 488, 280 A.2d 359 (1971). "Since these factual issues, contested in the pleadings and not even referred to in the defendants' affidavits, remained unresolved, the court was clearly in error in granting the motion for summary judgment." Id., 489.

"The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitled him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." *Dougherty* v. *Graham,* 161 Conn. 248, 250, 287 A.2d 382 (1971).

"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." *Spencer* v. *Good Earth Restaurant Corporation,* 164 Conn. 194, 199, 319 A.2d 403 (1972). The affidavit before the court provided an insufficient basis for a summary judgment because it did not resolve "the mixed question of fact and law" of whether the defendant met the requisite standard of care under the circumstances, particularly those relating to whether he had a reasonable opportunity to avoid the collision.

There is error, the judgment is set aside and the case is remanded for further proceedings.