[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT #141, #143
This action involves the purchase of a certain piece of real estate including a single family dwelling located in Thomaston, Connecticut. The plaintiffs Michael Debkiewicz and Izabella Debkiewicz are the buyers and the defendants David F. Peters and M. Christine MacTaggart are the sellers/builders of the dwelling located on the property.
On November 12, 1987, the plaintiffs purchased the defendants' property for the sum of $123,000.00. The plaintiffs' amended complaint alleges that some time after the sale, the CT Page 888 plaintiffs noticed certain inadequacies in the dwelling. Thereafter, the plaintiffs sought the assistance of an architect who detected numerous defects in the structural integrity of the dwelling.
The plaintiffs commenced this action on August 11, 1988, alleging fraudulent misrepresentation and breach of implied warranties pursuant to Connecticut General Statute Section 47-118.
The defendants have filed an answer denying the material allegations of an amended complaint and thereafter, the defendants filed two motions for summary judgment, memoranda of law, affidavits, and various exhibits in support of the motion for summary judgment. The plaintiffs have filed a memorandum of law, affidavits and supporting documentation in opposition to the motion for summary judgment.
"Summary judgment shall be rendered if the pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Connecticut Practice Book Section 384. The moving party must show the absence of any material disputed issues. Fogarty v. Rashaw, 193 Conn. 442, 445
(1984).
The defendants move for summary judgment as to counts one and two of the plaintiffs' amended complaint on the ground that there are no genuine issues of material fact.
Counts one and two of the plaintiffs' amended complaint are claims for fraudulent misrepresentation. "Fraud and misrepresentation cannot be easily defined because they can be accomplished in so many different ways. They present, however, issues of fact." Miller v. Appleby, 183 Conn. 51, 55 (1981).
Accordingly, the defendants' motion for summary judgment is denied because the allegations of fraudulent misrepresentation raise genuine issues of material fact.
The third count of the plaintiffs' amended complaint is brought pursuant to Connecticut General Statutes Section 47-118
which provides in pertinent part:
 (a) In every sale of an improvement by a vendor to a purchaser, . . ., warranties are implied that the improvement is: (1) free from faulty materials; (2) constructed according to sound engineering standards; (3) constructed in a workmanlike manner; and (4) fit for habitation. . .
CT Page 889
Connecticut General Statutes Section 47-116 defines an "improvement" as "any newly constructed single family dwelling unit, . . ." (emphasis added) A "vendor" is defined as "any person engaged in the business of erecting or creating an improvement on real estate. . ."
The defendants' memorandum of law in support of the motion for summary judgment states:
 "[T]he improvement which was the subject of the sales transaction between [defendants] as sellers and [plaintiffs] as purchasers was a single family dwelling unit which was constructed and substantially completed at a time approximately 10 years prior to the transaction."
"Where the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." Warner v. Leslie-Elliott Constructors, Inc., 194 Conn. 129, 135 (1984) the "improvement" which is the subject of this litigation cannot be said to be a "newly constructed single family dwelling". The plaintiffs have not offered any evidence to contradict the defendants' claim that the dwelling is approximately ten years old. "To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movants' affidavits and documents." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579 (1990). Accordingly, the defendants' motion for summary judgment is granted as to count three of the plaintiffs' amended complaint.
PICKETT, J.