[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff in this action was a passenger in an automobile driven by the defendant Judy LaFrance which was involved in a two car collision with another car. The driver and the owner of the other car, the defendants Brazee and Colonial Vending, have filed a motion for summary judgment claiming that under the circumstances of this case and the way the collision occurred, that summary judgment should be granted because LaFrance, the driver of the automobile in which the plaintiff was a passenger, was the sole cause of the accident.
In order to obtain summary judgment the moving party must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Connecticut Practice Book section 384; Connelly v. Housing Authority, 213 Conn. 354, 364. It must be kept in mind that where a plaintiff is a passenger in one of the two cars involved in a motor vehicle accident that the plaintiff as a passenger can recover against both drivers if both were negligent and the negligence of each driver was a proximate cause of the collision. Even though one driver may have been 99% at fault, if the other driver was one percent at fault, there can be a recovery against both of them.
In Fogarty v. Rashaw, 193 Conn. 442, 446, a case similar to this one in that it was a claim by a passenger for personal injuries against the driver of one of two cars involved in an automobile accident, it was held that a summary judgment should have been denied where the motion failed to refute all of the allegations of negligence raised by the pleadings. It was recognized that whether or not a party was negligent, the degree of that negligence and whether the standard of care was met under the circumstances presents a mixed question of fact and law which is usually not properly decided on a motion for summary judgment. This case involves two moving vehicles and the exact circumstances of the collision are unclear from the documents presented on the motion. With a summary judgment the court only determines if questions of material fact exist, but it does not resolve those issues. Nolan v. Borkowski, 206 Conn. 495,500. After a review of the documents filed on the motion, it is apparent that there are material questions of fact on whether Brazee was driving too far to the left side of his CT Page 3055 travelled lane and whether he kept a proper lookout and took proper evasive action under the circumstances. Summary judgment should not be granted unless a party is entitled to a directed verdict on the same facts. Connolly v. Housing Authority, supra, 364. That is not the case here.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE.