[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff has filed a motion for summary judgment based on its claim that the defendant failed to pay for goods delivered by the plaintiff. The defendant failed to respond to the plaintiff's motion with an objection or memoranda. However, the plaintiff did not allege, argue, or attest that the defendant accepted the goods; therefore, since a question of fact remains as to that issue, the motion is denied.
In this action to collect the price of goods, the plaintiff alleged that from on or about August 1, 1991 to November 20, 1991, the plaintiff provided goods to the defendant at the defendant's CT Page 10558 request. The defendant agreed to pay according to the terms of a credit agreement. Payment became due and the defendant refused or neglected to pay the amount due. The defendant denied the allegations in his answer and asserted no special defenses. On October 7, 1991 the plaintiff filed the instant motion and filed a supporting memorandum of law, an affidavit sworn by the Vice-President of Fairfield Electric Supply, a copy of a ledger statement showing all transactions between the parties, a copy of the purchase agreement and application for credit tendered by the defendant, and copies of invoices evidencing various transactions.
A motion for summary judgment shall be rendered if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Practice Book section 384. See also Connelly v. Housing Authority, 213 Conn. 354,364, 567 A.2d 1212 (1990). To prove that there is no genuine issue of material fact, the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984). A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). Once the moving party has presented supporting evidence, the opposing party must present evidence demonstrating the existence of some disputed factual issue. State v. Goggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
The plaintiff argues that Connecticut has long recognized the right of a seller to recover for goods sold and delivered and that Article Two of the Uniform Commercial Code as adopted by the General Statutes makes it clear that acceptance of goods sold and delivered obligates the buyer to pay the contract price for the goods. General Statutes section 42a-2-607 (1) obligates the buyer to pay the contract rate for any goods accepted (emphasis added). Section42a-2-709 (1) gives the seller the right to recover the price of goods accepted. . . ." (emphasis added.) Section 42a-2-606 provides as follows:
 Acceptance of goods occurs when the buyer (a) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their nonconformity; or (b) fails to make an effective rejection as provided by subsection (1) of section 42a-2-602, but such acceptance CT Page 10559 does not occur until the buyer has had a reasonable opportunity to inspect them; or (c) does any act inconsistent with the seller's ownership; but if such act if wrongful as against the seller it is an acceptance only if ratified by him.
The plaintiff has not alleged in either its complaint or the Duva affidavit that the defendant accepted the goods in any manner or as prescribed by section 42a-2-606. The invoices are not conclusive as to whether or not acceptance occurred as some are not signed by the receiving party. In determining whether there is a material issue of fact, the court considers the evidence in the light most favorable to the nonmoving party. Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990). Therefore, because a material question of fact remains, the motion for summary judgment is denied.
Leheny, J.