[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #107
On March 29, 1994, the plaintiff, Janet Vallent, filed a one count complaint against the defendants, Mark A. Patterson, Fine Oil Trading Company (Fine Oil), and Mercedes-Benz Credit Corporation (Mercedes-Benz). The plaintiff alleges the following facts. On January 18, 1993, the plaintiff was driving on North Benson Road in Fairfield, Connecticut when her car was struck by an oil tanker truck driven by Patterson. The truck was owned by Mercedes-Benz and leased to Fine Oil. Patterson was the agent or employee of Mercedes-Benz and Fine Oil.
The plaintiff alleges that Patterson was negligent in that he operated the truck at an excessive rate of speed; he failed to keep the truck under control; he failed to keep a proper lookout; he failed to apply his brakes; he failed to avoid the collision; he operated a motor vehicle with defective brakes in violation of General Statutes § 14-80h; he faaled to stop at the traffic signal in violation of General Statutes § 14-299; and he failed to grant the right of way in violation of General Statutes § 14-245.
On June 8, 1994, the defendants filed their answer, in which they deny that they were negligent. On December 15, CT Page 326 1994, the plaintiff filed a motion for summary judgment on the ground that there is no genuine issue of material fact with regard to the defendants' liability for the accident. Pursuant to Practice Book § 380, the plaintiff filed a memorandum of law in support of the motion and attached her affidavit and an uncertified copy of the police report. The defendants filed no memorandum in opposition.
Summary judgment is appropriate when "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v.Dickmont Plastics Corporation, 229 Conn. 99, 105 (1994). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." State v. Goggin, 208 Conn. 606, 616
(1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." Suarez v. DickmontPlastics Corporation, supra, 105-06.
The plaintiff argues that since the oil tank truck had defective brakes in violation of General Statutes § 14-80h, the defendants were negligent and are liable for the accident.
General Statutes § 14-80h(a) states that:
 [e]ach motor vehicle . . . shall be equipped, when operated on a highway, with at least two braking systems one of which shall be a service brake system and the other a parking brake system. Each braking system shall have a separate means of application by the operator. Each braking system, including any power assist devices used to reduce operator braking effort, shall be maintained in good working order at all times.
A violation of this statute constitutes negligence per se.Turner v. Scanlon, 146 Conn. 149, 157 (1959); see also Maloneyv. Commissioner of Motor Vehicles, 31 Conn. Sup. 325, 329-30, (C.P. 1974).
Here, the plaintiff alleges that the defendants violated General Statutes § 14-80h, and the defendants deny this CT Page 327 allegation. The plaintiff submitted an uncertified copy of the police report to support her claim that the defendants violated General Statutes § 14-80h. Nevertheless, since the police officer who filled out the report did not personally observe the accident, the police report may not be relied on by the court. See Fogarty v. Rashaw, 193 Conn. 442, 444 (1984). In the absence of competent evidence showing that the defendants violated General Statutes § 14-80h, the plaintiff has failed to meet her burden of proving the nonexistence of genuine issues of material fact and, therefore, the motion for summary judgment is denied.
SAMUEL S. FREEDMAN, JUDGE