[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
The issue presented to the Court is whether the ten-year recapture period set out in General Statutes § 12-504a
concerning the transfer of land classified as farm land under General Statutes § 12-107c, in the case of such land transferred as a result of death by devise, is measured from the date of acquisition or classification by the decedent or by that of the transferee. Resolution of this issue involves statutory interpretation.
General Statutes § 12-107c is part of a comprehensive act, authorized by 1963, Public Act 490, providing for reduced assessments for land classified as farm land. As declared in CT Page 5853 § 12-107a, the stated purpose of the act is to encourage preservation of farm land, and to prevent the forced conversion of farm land to more intensive uses. Section 12-504a provides for an additional conveyance tax on the sale of land classified as farm land, if sold within a period of ten years from the time the seller acquired title to such land or caused such land to be so classified, whichever is earlier.
The parties have stipulated as to the material facts. Plaintiff Matthew Stewart Ramsay was the owner of two parcels of land situated in the Town of Southington. One parcel denoted as the "Flanders Road parcel" consisted of 101.79 acres. The other, denoted as the "Meriden Avenue parcel," consisted of 26.23 acres. Plaintiff inherited these parcels by will from his wife, who deceased on September 20, 1990. The Certificate of Devise issued on April 9, 1992 and was recorded in the Southington land records on April 13, 1992.[1]
In 1980, pursuant to the application of Plaintiff's deceased wife, the then owner, these parcels were classified as farm land under § 12-107c. In October 1994, Plaintiff sold development rights for the Flanders Road parcel to the State of Connecticut. On October 27, 1995, Plaintiff sold his remaining interest in the Flanders Road parcel to a third party, Romanik Associates, LLC. Following that sale, the Defendant Town of Southington Assessor notified Plaintiff that an additional [§ 12-504a recapture] conveyance tax in the amount of $28,000.00 was due on the October 27, 1995 transfer. On March 12, 1996, the Defendant Town of Southington Board of Assessment Appeals denied Plaintiff's appeal from that conveyance tax assessment. The use of both parcels in question at all relevant times has been farm land.
Both the Plaintiff and the Defendants have moved for summary judgment, each relying on a statutory provision. Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105 (1994). The moving party has the burden of showing the absence of any genuine issue as to all material facts. Fogarty v. Rashaw, 193 Conn. 442, 445
(1984). Summary judgment is here appropriate. The issue to be decided is one of law, the material facts having been stipulated.
The Plaintiff relies on General Statutes § 12-504c, which CT Page 5854 provides in relevant part:
 Sec. 12-504c. Excepted transfers. The provisions of section 12-504a shall not be applicable to the following: . . .
 (k) property transferred as a result of death by devise or otherwise and in such transfer the date of acquisition or classification of land for purposes of sections 12-504a to 12-504f, inclusive, whichever is earlier, shall be the date of acquisition or classification by the decedent;
Therefore, according to Plaintiff, the ten-year recapture period commenced no later than the date in 1980 when the parcels were classified as farm land pursuant to the application of Plaintiff's deceased wife, and had expired prior to the 1995 transfer in issue.
The Defendants rely on General Statutes § 12-504f, concerning the tax assessor's annual certification of land classification as farm land, which provides in relevant part:
 Any such classification of land shall be deemed personal to the particular owner who requests such classification and shall not run with the land.
Therefore, according to the Defendants, the subject 1995 transfer occurred within the ten-year recapture period, which under their view commenced no earlier than the time of the 1992 issuance and recording of the Certificate of Devise.
The Court concurs with the Plaintiff. The legislature is presumed to have acted with knowledge of existing law and with intent to create one consistent body of law. Zachs v. Groppo,207 Conn. 683, 696 (1988). The stated purpose of General Statutes § 12-107a(b) is:
 to prevent the forced conversion of farm land . . . to more intensive uses as the result of economic pressures caused by the assessment thereof for purposes of property taxation at values incompatible with [its] CT Page 5855 preservation as such farm land . . . .
General Statutes § 12-504h provides that land classified as farm land remains so classified without the filing of a new application until either such use is changed or such land is sold.
Section 12-504e(k) must be read in conjunction with §§12-107a, 12-504a, and § 12-504h, and as an exception to the quoted provision of § 12-504f. The Court concludes that, where farm land use has remained unchanged, a § 12-107c farm land classification remains in place unaffected by reason of a transfer "as a result of death by devise or otherwise," and that the ten-year recapture period set forth in § 12-504a is to be measured with reference to the date of acquisition or classification by the decedent, not that of such transferee. No renewal filing or application for § 12-107c farm land classification is necessary. This construction is in furtherance of the legislative intent expressed in § 12-107a, and is consistent with the statutory scheme.
The Court further notes that § 12-504c(e) provides as an excepted transfer:
 (e) deeds between husband and wife and parent and child when no consideration is received, except that a subsequent non; exempt transfer by the grantee in such cases shall be subject to the provisions of Section 12-504a as it would be if the grantor were making such nonexempt transfer.
This provision makes clear that in the case of an intervivos transfer between husband and wife for no consideration, the §12-504a recapture period is measured with reference to the transferor. Accordingly, if the subject parcels had been transferred for no consideration to the Plaintiff by his wife during her lifetime, the ten-year recapture period, measured with reference to her, would have long since expired by the time of the subject 1995 transfer. To hold to the contrary merely because the transfer was testamentary and not intervivos would lead to a bizarre result.
 It is also a rule of statutory construction that those who promulgate CT Page 5856 statutes or rules do not intend to promulgate states or rules that lead to absurd consequences or bizarre results.
State v. Stevens, 224 Conn. 730, 737 (1993).
The Defendant's motion for summary judgment is denied. The Plaintiff's motion for summary judgment, together with the relief therein requested, is granted. No conveyance tax on § 12-504a
is due and owing arising from the October 27, 1995 sale.
Judgment shall enter accordingly for the Plaintiff.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT