[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Richard Senior, has brought an action, in two counts, against the defendant, American Institute for Foreign Study, Inc. a/k/a Camp America (AIFS), seeking damages for injuries allegedly sustained as a result of an assault on the plaintiff by Gerald Murray, a fellow camp counselor from Dumbarton, Scotland. Apparently, both the plaintiff and Murray were recruited from the United Kingdom by AIFS to participate in the Camp America program and work as camp counselors at Camp Sunrise in Rhode Island. The plaintiff alleges that on June 26, 1992, Murray, without provocation, attacked him with a knife causing severe temporary and permanent physical and mental injuries. Minutes prior to the attack, the plaintiff alleges that Murray admitted that he had a criminal record in Scotland and that he was in the United States to avoid bail.
In the first count, the plaintiff alleges that in reliance on an implied promise that all applicants to the Camp America program would have their criminal records checked prior to acceptance, he applied to the Camp America program and was accepted by AIFS to work as a camp counselor at Camp Sunrise. The plaintiff bases this implied promise on a question in a medical information form which required applicants to the Camp America program to disclose whether they had ever been convicted of a criminal offense, or whether they were presently the subject of criminal charges. The plaintiff claims that AIFS breached its implied promise to the plaintiff "by failing to check the criminal records of all Camp America counselors, and in particular, Gerald Murray, whose criminal record upon checking would have eliminated him from consideration as a camp counselor CT Page 126 in the Camp America program and would have prevented the knife attack by Murray on Plaintiff." Complaint, Count I, ¶ 16.
In the second count, the plaintiff incorporates the allegations contained in the first count and further alleges that AIFS was negligent in "failing to check the criminal records of all Camp America counselors, and in particular, Gerald Murray, whose criminal record would have eliminated him from consideration as a camp counselor in the Camp America program and would have prevented the knife attack by Gerald Murray on Plaintiff." Complaint, Count II, ¶ 16. The plaintiff now seeks money damages.
AIFS has filed a motion for summary judgment as to the plaintiff's complaint on the ground that there exists no genuine issue of material fact as to whether AIFS caused the injuries alleged by the plaintiff. In support of this motion, AIFS filed a memorandum of law, along with an affidavit by Dennis Regan, vice president of AIFS, a copy of Gerald Murray's Camp America application, and a copy of the plaintiff's response to the defendant's interrogatories. The plaintiff then filed an opposing memorandum of law, along with an affidavit by Alphonse Di Benedetto, the plaintiff's attorney, a copy of Gerald Murray's schedule of previous convictions, a copy of the plaintiff's June 6, 1996 supplemental compliance with discovery requests, and a copy of Murray's criminal face sheet regarding his arrest for the assault on the plaintiff.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
In its supporting memorandum, AIFS argues that any failure to check Gerald Murray's criminal record was not the proximate cause CT Page 127 of the plaintiff's injuries because there is no evidence that a background check into Murray's criminal history would have revealed prior criminal convictions sufficient to exclude him from the Camp America program. According to AIFS, there is no evidence that Murray had a criminal record at the time he applied for the Camp America program, and, therefore, AIFS is entitled to summary judgment.
In support of its argument, AIFS essentially relies on Murray's Camp America application, in which Murray stated that he had never been convicted of a criminal offense. See Affidavit of Dennis Regan, ¶¶ 4, 5 and 7. According to the affidavit of Dennis Regan, AIFS relied upon these statements in Murray's application in accepting him into the Camp America program, and as of December of 1995, "AIFS has no information or reason to believe that prior to June 26, 1992, Mr. Murray had a criminal record or past criminal convictions." Affidavit of Dennis Regan, ¶¶ 8 and 9.
In his opposing memorandum, the plaintiff argues that a genuine issue of material fact exists as to whether the plaintiff's injuries were the result of the defendant's failure to investigate whether Gerald Murray had a criminal record. The plaintiff now claims to have "positive proof" that Murray had a criminal record when he applied to become a counselor on February 4, 1992, and, therefore, that Murray lied on his Camp America application. The plaintiff claims that if AIFS had conducted an independent investigation into Murray's criminal history in accordance with its implied promise, Murray would have been excluded from the Camp America program, and, therefore, would not have been in a position to assault the plaintiff.
In support of his argument, the plaintiff has submitted an affidavit by his attorney[1] detailing the investigation into Murray's criminal record, along with a copy of a letter from Paul Crozier, a solicitor in Scotland retained to conduct an investigation into Murray's criminal record, and a copy of Murray's "schedule of previous convictions" obtained from Crozier. The plaintiff also filed a supplemental compliance with discovery requests on December 16, 1996, which contains an affidavit by Paul Crozier, the solicitor from Scotland.
In his affidavit, Crozier attests that he represented Gerald Murray in Scotland and that he has provided a copy of Murray's schedule of previous convictions "which were before the Court CT Page 128 when Mr. Murray appeared and pled Guilty to a charge of murder on 26th May 1993." Affidavit of Paul Crozier, ¶ 6. The schedule of previous convictions indicates that Murray was convicted in 1983 for "attempt to pervert the course of justice" and in 1985 for a violation of Section 47 of the Civic Government (Scotland) Act of 1982 and attempt to pervert the course of justice. In addition, Crozier attests that in his opinion and experience "the Crown, who are the body responsible for prosecutions in Scotland, would not issue a Certified copy of previous convictions relative to an accused unless by way of attachment to either an Indictment or a Summary Complaint which was to call in Court." Affidavit of Paul Crozier, ¶ 8.
AIFS essentially argues that the plaintiff has failed to produce any evidence to establish that Gerald Murray had a criminal record at the time he applied to the Camp America program. Accordingly, AIFS argues that there is no genuine issue of material fact and that AIFS is entitled to judgment as a matter of law. On a motion for summary judgment, however, "[t]he party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitled him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.)Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984).
AIFS has failed to satisfy this burden of demonstrating that it is quite clear what the truth is regarding Gerald Murray's criminal record. AIFS simply relies on Murray's own statements in his Camp America application. Furthermore, the documentary evidence submitted by the plaintiff, particularly the affidavit of Paul Crozier and the copy of Murray's schedule of previous convictions, indicates that Murray did have a criminal record in Scotland at the time he applied to the Camp America program. Therefore, a material issue of fact does exist as to whether Gerald Murray had a criminal record which would have excluded him from the Camp America program. Accordingly, the defendant's motion for summary judgment is denied.
D'ANDREA, J.