[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT NO. 109
On November 24, 1993, the plaintiff, Candido Dias, filed a five-count complaint against the defendant, Hermitage Insurance Company.[1] The complaint alleges the following facts. On April 23, 1992, the defendant issued the plaintiff a homeowner's insurance policy, which the plaintiff annexed as exhibit A. This special multi-peril policy provided insurance coverage for property owned by the plaintiff, located at 26 Driggs Street, Waterbury, Connecticut. On November 18, 1992, there was an explosion at the insured property, which caused the plaintiff to incur a loss. The policy was in full force and effect at the time of the loss and such loss was included in the terms and conditions of the policy. Despite due notice, the defendant has not paid the plaintiff for the incurred loss. The plaintiff alleges the following causes of actions: failure to pay on an insurance policy; bad faith in handling the plaintiff's claim; recklessness; a violation of General Statutes § 38a-815 et seq. (CUIPA); and a violation of General Statutes § 42-110a
et seq. (CUTPA).
On September 29, 1995, the defendant filed a motion for summary judgment (#109). In support of its motion, the defendant filed a memorandum of law and several documents. The plaintiff objected to the motion and filed a memorandum in opposition (#110) on October 23, 1995, along with numerous documents. Subsequently, the defendant filed a response brief (#111) on November 9, 1995, and two supplemental briefs (#112 and #116) on December 13, 1995 and February 12, 1996, respectively. In turn, the plaintiff filed two supplemental briefs in opposition (#113 and #115) on January 4, 1996 and January 24, 1996, respectively. CT Page 3144
"Practice Book § 384 provides that rendition of summary judgment is appropriate `if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' It is appropriate only if a fair and reasonable person could conclude only one way." Miller v.United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810
(1995).
"The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to a judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v.Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984).
The defendant argues that it is entitled to judgment as a matter of law because the plaintiff misrepresented information on her application for insurance and this misrepresentation causes the insurance policy to be void. In support of its argument, the defendant relies upon the insurance policy and a copy of the plaintiff's application for insurance, which it submitted as Exhibit A. The plaintiff argues that the defendant's motion for summary judgment should be denied because the defendant has not met its burden of demonstrating that there are no genuine issues of material fact.
"Under Connecticut law, a misrepresentation material to the risk that is knowingly made by a proposed insured will defeat recovery under a[n] . . . insurance policy." Bristol v.Commercial Union Life Ins. Co. of America, 211 Conn. 622, 628,560 A.2d 460 (1989). "Incomplete answers may constitute a misrepresentation which can void the policy. And the failure to make a full disclosure is as culpable as a false statement. G. Couch, Insurance (2d Ed. Rev. 1984) § 35:146.
In support of its motion, the defendant relies upon a copy of the plaintiff's application for insurance. Specifically, the defendant claims that the application contains two material misrepresentations. First, the defendant claims that under the heading "Prior Policy(ies)/Losses," the plaintiff only listed "Quincy Mutual" and "None," when in fact the property had also CT Page 3145 been insured by New York Casualty Insurance Company, prior to being insured by Quincy. In support of this contention, the defendant submitted a copy of the declaration page from the New York Casualty Policy (Exhibit B), which states that the property located at 26 Driggs Street, Waterbury, Connecticut, was insured from November 22, 1991 to February 3, 1992.
Additionally, the defendant argues that the plaintiff failed to answer a question on the application. This question was: "During the past 3 years, has any coverage been cancelled, non-renewed, declined, or placed in non-standard markets? ___ Yes (explain) ___ No." On the copy of the plaintiff's application, neither "yes" nor "no" were checked. The defendant contends that by refusing to respond to this inquiry, the plaintiff misled the defendant into believing that the response was "no" because if the response had been "yes" an explanation would have been given. Furthermore, the defendant argues that this omission was a material misrepresentation because both Quincy and New York Casualty had canceled the plaintiff's insurance in the past three years. Quincy canceled their policy on April 23, 1992 (Exhibit E) and New York Casualty canceled their policy on February 3, 1992 (Exhibit C).
"[I]n order to constitute a misrepresentation sufficient to defeat recovery on an . . . insurance policy, a material misrepresentation on an application for such a policy must beknown by the insured to be false when made." (Emphasis added.)Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 692,590 A.2d 957 (1991). "Since an insured makes a knowing misrepresentation only when he submits an answer to a question in the application other than that which he has reason to believe is true . . . it follows that an insured should not be held responsible for an answer in the application if he was justifiably unaware of its falsity, had no actual or implied knowledge of its existence, and was not guilty of bad faith, fraud or collusion." (Citations omitted.) Id., 698.
Accordingly, the defendant is required to prove that the plaintiff knew the statements were false when she made them. "Because it is practically impossible to know what someone is thinking or intending at any given moment, absent an outright declaration of intent, a person's state of mind is usually proved by circumstantial evidence . . . and is, except in rare cases, a question of fact. . . . Intention is a mental process which, of necessity, must be proven either by the statements or the actions CT Page 3146 of the person whose conduct is being examined." State v.Williams, 202 Conn. 349, 356-357, 521 A.2d 150 (1987). (Citations omitted.) "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Connell v. Colwell, 214 Conn. 242, 251,571 A.2d 116 (1990).
The defendant has not offered any evidence of the plaintiff's mental state. Therefore, the defendant has failed to demonstrate that the plaintiff knew that the representations were false when she made them. Such knowledge is a material fact. Accordingly, a genuine issue as to a material fact exists and the defendant's motion for summary judgment is denied.
Stodolink, J.