[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has moved for summary judgment and riled a memorandum of law and other documents to support his position.
He is specifically moving for judgment on the issue of liability only on the grounds that the defendant was negligent per se in that he violated C.G.S. § 14-300 (b) and/or §14-300 (c).
The defendant denies violating either of these statutes and asserts that the doctrine of negligence per se does not apply here because C.G.S. § 14-300 (d) states:
 "In any civil action arising under subsection (c) of this section . . . The doctrine of negligence per se does not apply."
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446.
Summary judgment is particularly "ill-adapted to negligence CT Page 5082 cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." Maffucci v. Royal Park, Ltd. Partnership,42 Conn. App. 563, 568 (1996).
The court reviewed the police report, affidavits and deposition testimony supplied by the plaintiff. The defendant has offered has offered the affidavit of defendant, John D. Spotten, in opposition to the plaintiff's documents. From a review of all the documents presented by both sides, the court must conclude that there is a genuine issue of material fact as to liability under the statutes. C.G.S. § 14-300 (d) states that negligence per se shall not apply to C.G.S. § 14-300 (c). C.G.S. § 14-300b and § 14-300c are not involved here.
C.G.S. § 14-300 (b) does apply. The statute states that a pedestrian shall have the right of way at a cross walk over all vehicles including those making a turn until he has reached the opposite curb. However, although the documents filed favor the position of the plaintiff, the court finds that the facts established are not so conclusive as to require the granting of a summary judgment in a negligence case.
Accordingly the motion for summary judgment is denied.
D. Michael Hurley Judge Trial Referee