[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT # 143.5
The initial complaint was brought by the driver Michael Smith, and his passenger, Carmine Smith, against their uninsured carrier, defendant Allstate Insurance Co (hereinafter "Allstate"), claiming the tortfeasor Derrick Perrett was uninsured. Allstate filed a third party complaint against Rick's Auto Parts (hereinafter "Rick's") claiming that Perrett's vehicle was operated with a dealer registered to Rick's at the time of the incident. Rick's filed a fourth-party complaint against Mohawk Motors (hereinafter "Mohawk") claiming that Perrett was an employee of Mohawk and that he took the Rick's dealer plate off a car that Rick's left at Mohawk.
In addition to the third and fourth party complaints, Allstate has filed an apportionment complaint against Mohawk and various cross complaints have been filed by Allstate, Mohawk, and the original plaintiffs. Rick's has filed this Motion for Summary Judgment.
The standard for the granting of a motion for summary judgment is well established: Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment CT Page 6338 has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. (Brackets in original; internal quotation marks omitted.) Bruttomesso v. Northeastern Conn.Sexual Assault Crisis Services, Inc., 242 Conn. 1, 5,698 A.2d 795 (1997).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. Beers v.Bayliner Marine Corp. , 236 Conn. 769, 771 n. 4, 675 A.2d 829
(1996). A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the non-movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. (Internal quotation marks omitted.) Miller v. United Technologies Corp. ,233 Conn. 732, 752, 660 A.2d 810 (1995).
Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. (Internal quotation marks omitted.) Fogarty v.Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984).
Rick's argues that "[t]he availability of the Rick's dealer plate is not the event which triggered Perrett's use of the truck . . . In fact, the only reason that Rick's is involved in this case is because Perrett mistakenly placed the wrong dealer plate on the vehicle. . . . Therefore, the negligence of Rick's . . . was not the cause in fact of the plaintiff's accident . . ." Memorandum of Law In Support of Summary Judgment, p. 6. Rick's further argues that "Rick's conduct was also not the proximate cause of the plaintiff's accident." Id.
Allstate argues that "the issue of proximate cause is ordinarily a question of fact for the trier." Preliminary Memorandum of Law In Opposition To Motion For Summary Judgment, p. 1. Furthermore, Allstate argues that it "has sought to amend CT Page 6339 its third party complaint . . . to include allegations of ownership over the . . . truck driven by the tortfeasor, Derrick Perrett. Such would create a question of fact especially in light of the presumption of ownership by Rick's Auto Parts, Inc. created by use of its dealer plate on the vehicle and the fact that it never registered the vehicle during the period it claimed to have owned the vehicle . . ." Id.
The question of proximate causation generally belongs to the trier of fact because causation is essentially a factual issue.Stewart v. Federated Dept. Stores, Inc., 234 Conn. 597, 611,622 A.2d 753 (1995).
Conclusions of proximate cause are to be drawn by the jury and not by the court. Doe v. Manheimer, 212 Conn. 748, 757,563 A.2d 699 (1989) [overruled in part on other grounds, Stewart v.Federated Dept. Stores, Inc., supra, 234 Conn. 608] It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier of fact. (Citations omitted.) Lewis v. North AmericanPhilips Corp. , Superior Court, Judicial District of New Haven, plaintiff's attestation that [the defendant's] parents provided the funds for the vehicle . . . the jury could reasonably infer that [the defendant's] parents furnished the car and exercised some control over it. There is a genuine issue of material fact, and the defendants' motion for summary judgment is . . . denied."Jennings v. Pflieger, Superior Court, Judicial District of Danbury, Docket No. 324659 (October 8, 1997, Moraghan, J.). Similarly, the plaintiffs' complaint raises the issue of control in terms of which party had control over the license plate affixed to the vehicle which allegedly struck the plaintiffs. Accordingly, the issue of control is a material issue of fact.
There is a genuine issue of material fact in this case and therefore the motion by Rick's Auto Parts Motion for Summary Judgment is denied.
PELLEGRINO, J.