[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO SUMMARY JUDGMENT #15
The plaintiffs in this matter are Kenneth Collins and Yaritza Sanchez, the driver and the passenger of a vehicle struck by the defendant, Joel Quinones. The owner of the car, David Quinones, is also a defendant in this matter. The accident occurred on January 1, 1999, in Bridgeport, Connecticut. The plaintiffs allege the following facts in their complaint. The defendant's vehicle struck the left side of the CT Page 8025 plaintiff's vehicle. The defendant, Joel Quinones, fled the scene of the accident. The plaintiffs allege negligence and recklessness against the defendants in their ownership and operation of the vehicle. Specifically, the plaintiffs allege, inter alia, the defendant, Joel Quinones, was negligent in that, inter alia, he was inattentive and failed to keep proper lookout, he failed to reasonably turn or otherwise regulate the movement of his vehicle, and he failed to stop at a stop sign.
The plaintiffs filed a motion for summary judgment on May 16, 2002. The plaintiffs move for summary judgment against Joel Quinone as to liability only. The plaintiffs claim that the defendant has admitted fault in his deposition testimony. Specifically, the plaintiffs bring forth the portion of deposition testimony where the defendant states that he stopped at the stop sign, looked to the left but did not look to the right to see the plaintiffs vehicle approaching. The plaintiffs assert that this admission leaves no question of material fact as to liability and therefore, they are entitled to summary judgment as a matter of law. The defendant did not file an objection.
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "A motion for summary judgment shall be supported by such documents as may be appropriate, including, but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 17-45. Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no geniune issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. The movant has the burden of demonstrating the absence of any geniune issue of material fact. Appleton v. Board of Education, 254 Conn. 205, 209,757 A.2d 1059 (2000).
The plaintiff provided the court with a certified copy of a portion of the defendant's deposition testimony. The testimony provides in pertinent part:
Q. Did you stop at that stop sign?
A. Yes, I did.
Q. And did you look to the left and did you look to the right?
A. I looked to the left, didn't look to the right. CT Page 8026
Q. The car you had an accident with came from the right?
A. Yes.
Q. So you didn't look down there to see what was going on before you went through the intersection at the stop sign?
A. Yes.
The defendant has not provided the court with any affidavits or other evidentiary documents to rebut his deposition testimony. While this court recognizes that "[i]ssues of negligence are ordinarily not susceptible of summary adjudication" (Internal quotation marks omitted.) Fogarty v.Rashaw, 193 Conn. 442. 446, 476 A.2d 582 (1984), the evidence submitted by the plaintiffs demonstrates that the plaintiffs have met their burden of proof to show that no genuine issues of material fact remain as to the issue of liability. Therefore, the plaintiffs motion for summary judgment as to liability only is granted.
 ___________________ DANIEL E. BRENNAN, JR, J.