******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN K. FINNEY *v.* CAMERON'S AUTO
TOWING REPAIR
(AC 39526)

Lavine, Sheldon and Elgo, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant towing company
for, inter alia, breach of contract in connection with the defendant's
alleged failure to repair his motor vehicle, which had been towed to
the defendant's vehicle storage facility following the plaintiff's involve-
ment in a motor vehicle accident that rendered the vehicle inoperable.
Specifically, the plaintiff alleged, inter alia, that the defendant had failed
to give him a timely estimate for the repair of his towed vehicle, and
that he had delayed retrieving the vehicle from the defendant's facility
because he had been falsely informed that the vehicle was being repaired.
Thereafter, the defendant filed a counterclaim in which it alleged that
it had a lien on the plaintiff's vehicle for storage and towing charges
pursuant to the statute (§ 14-150 [g]) that pertains to motor vehicles
that are a menace to traffic or have been abandoned, and sought a
declaration of abandonment by the trial court, so that the vehicle could
be sold to satisfy the towing and storage charges. Subsequently, the
trial court rendered summary judgment in favor of the defendant on
the plaintiff's complaint and on the defendant's counterclaim, from
which the plaintiff appealed to this court. *Held* that the trial court
properly determined that the defendant was entitled to summary judg-
ment on the plaintiff's complaint, as the defendant established that there
was no genuine issue of material fact as to its right to prevail on the
plaintiff's claims that it breached its contract to repair his vehicle and
that the unpaid storage fees that accrued resulted from its delay in
giving the plaintiff an estimate of the cost to repair his vehicle and
alleged misrepresentation to the plaintiff that it was repairing his vehicle:
the defendant submitted an affidavit from its owner, which stated that
the owner had never agreed to repair the plaintiff's vehicle and that the
plaintiff was free to pick up his vehicle at any time after he paid the
towing and storage fees, and, because the plaintiff failed to submit
countering affidavits or other evidence that contradicted that evidence,
the court was entitled to rely on those uncontradicted averments; never-
theless, the trial court improperly rendered summary judgment in favor
of the defendant on its counterclaim against the plaintiff because the
defendant failed to state any basis on which it was entitled to judgment
on the claim therein pleaded, as the defendant failed to recite the lan-
guage or requirements of § 14-150 (g), the statute pursuant to which it
claimed it was entitled to judgment on its counterclaim, nor did it argue
that it had satisfied those requirements, and subsection (a) of § 14-
150, pursuant to which it sought summary judgment declaring that the
plaintiff's vehicle was abandoned, did not pertain to the plaintiff's vehi-
cle, which was neither abandoned on any highway nor on the defendant's
property without its consent, and, thus, the defendant's memorandum
of law was devoid of any argument or analysis in support of its motion
for summary judgment on the counterclaim.

Argued October 19, 2017—officially released January 23, 2018

*Procedural History*

Action to recover damages for, inter alia, breach of
contract, and for other relief, brought to the Superior
Court in the judicial district of Hartford, where the
defendant filed a counterclaim; thereafter, the court,
*Wahla, J.*, granted the defendant's motion for summary
judgment on the complaint and the counterclaim, and
rendered judgment thereon, from which the plaintiff
appealed to this court. *Reversed in part; further pro-*

*ceedings.*

*John K. Finney*, self-represented, the appellant (plaintiff).

*Edward W. Case*, for the appellee (defendant).

*Opinion*

SHELDON, J. The plaintiff, John K. Finney, commenced this action alleging that the defendant, Cameron's Auto Towing Repair, breached its contract to repair his vehicle. The defendant denied that it had agreed to repair the plaintiff's vehicle and filed a counterclaim alleging that the plaintiff had failed to pay it for the towing and storage of his vehicle, and, thus, that he had abandoned it. The plaintiff appeals from the summary judgment rendered in favor of the defendant on his complaint and the defendant's counterclaim. We conclude that the trial court properly determined that the defendant was entitled to summary judgment on the plaintiff's complaint because it established that there was no genuine issue of material fact as to its right to prevail on the plaintiff's claim. We further conclude, however, that the court erred in granting summary judgment in favor of the defendant on its counterclaim against the plaintiff because the defendant failed to state any basis upon which it was entitled to judgment on the claim therein pleaded, either in its motion for summary judgment or in its supporting memorandum of law. Accordingly, we affirm in part and reverse in part the judgment of the trial court.

The following facts are undisputed. On November 12, 2015, the plaintiff was involved in a motor vehicle accident that rendered his vehicle inoperable. At the command of the Connecticut State Police, the plaintiff's vehicle was towed to the defendant's vehicle storage facility, where it remained. The plaintiff never paid the defendant for towing his vehicle or for storing the vehicle at its facility.

The self-represented plaintiff commenced this action on February 1, 2016. In his complaint, he alleged that the defendant had failed to give him a timely estimate for the repair of his vehicle. The plaintiff claimed that, ten days after the defendant towed his vehicle to its facility, it gave him an oral estimate of the cost to repair his vehicle, in the approximate amount of $867, which he agreed to pay. The plaintiff further alleged that he waited another ten days for the repairs to be completed, but then was informed by the defendant that the "car was up for abandonment." On March 3, 2016, the plaintiff filed a revised complaint, in which he once again claimed, inter alia, that the defendant had failed to give him a "timely estimate" for the repair of his vehicle, and that he had delayed retrieving the vehicle from the defendant's facility because he had been led to believe that the vehicle was being repaired, when in fact, it was not.[1]

On May 2, 2016, the defendant filed an answer and special defenses to the plaintiff's complaint. In its answer, the defendant denied "any and all allegations relating to fraud" that the plaintiff had made against it

and left the plaintiff to his proof as to all of his other allegations of "wrongdoing." By way of special defenses, the defendant claimed that the plaintiff's complaint failed to state a claim upon which relief could be granted and that the plaintiff had "failed to mitigate his damages by failing, refusing and neglecting to pay for the towing and storage of his vehicle and take possession of the same in a timely manner." The defendant also filed a counterclaim in which it alleged, inter alia, that: "Pursuant to [General Statutes] § 14-150 (g), the [defendant] has a lien on the [plaintiff's] vehicle for storage and towing charges, and as a result seeks a declaration of abandonment by [the] court, so that the vehicle can be sold to satisfy the towing and storage charges."

The next day, on May 3, 2016, the defendant filed a motion for summary judgment and a supporting memorandum of law, on the ground that "there is no dispute as to any material fact regarding the plaintiff's claim in this action." The plaintiff did not file a written objection to the motion, or any affidavits or other documentation in opposition thereto. Although the plaintiff was present in court the first time the defendant's motion for summary judgment appeared on the short calendar, neither the defendant nor its counsel was present, and so the motion was marked off. The next time the motion appeared on the short calendar, on June 6, 2016, the plaintiff did not appear, but the hearing on the motion proceeded, with the defendant, through its counsel, presenting the only argument.

By way of an order dated July 29, 2016, the court rendered summary judgment in favor of the defendant on the plaintiff's complaint and on the defendant's counterclaim. In its order, the court stated: "After the defendant came into possession of the plaintiff's vehicle, the defendant advised [the] plaintiff of the towing and storage charges. The plaintiff had not paid the storage charges or the towing charges as of the day of the hearing [on the defendant's motion for summary judgment]. The plaintiff did not have collision insurance on the day of [his motor vehicle accident] and had left his vehicle with the defendant at its storage facility. The defendant filed a counterclaim." The court thereafter ruled on the motion as follows: "For the foregoing reasons the court concludes [that] there are no genuine issues of material fact and [that] there is no showing of wrongful conduct alleged as to the defendant. Therefore, the court grants summary judgment as to the plaintiff's complaint on all charges and grants the defendant's counterclaim, [pursuant to] § 14-150 (a)." This appeal followed.

"Our review of the trial court's decision to grant a motion for summary judgment is plenary." (Internal quotation marks omitted.) *Brusby* v. *Metropolitan District,* 160 Conn. App. 638, 646, 127 A.3d 257 (2015).

Practice Book § 17-49 provides that "[summary] judgment . . . shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact *together with the evidence disclosing the existence of such an issue.* . . . It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. . . . Mere assertions of fact, whether contained in a complaint or in a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . .

"As a general rule, then, [w]hen a motion for summary judgment is filed and supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by . . . [the rules of practice], must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, summary judgment shall be entered against him. . . . Requiring the nonmovant to produce such evidence does not shift the burden of proof. Rather, it ensures that the nonmovant has not raised a specious issue for the sole purpose of forcing the case to trial." (Emphasis in original; internal quotation marks omitted.) *Marsala* v. *Yale-New Haven Hospital, Inc.*, 166 Conn. App. 432, 458–59, 142 A.3d 316 (2016). In other words, the failure of a nonmoving party to controvert by affidavit or otherwise any of the facts set forth in an affidavit filed by the movant in support of summary judgment entitles the court in deciding the summary judgment motion to rely upon those facts as stated. *Fogarty* v. *Rashaw*, 193 Conn. 442, 444–45, 476 A.2d 582 (1984).

The plaintiff first challenges the summary judgment rendered in favor of the defendant on his complaint. It is undisputed that the plaintiff failed to pay the towing and storages fees he owed to the defendant. He claims, however, that the storage fees that accrued resulted from the defendant's delay in giving him an estimate of the cost to repair his vehicle and misrepresentation to him that it was repairing his car after it had agreed to do so. Attached to its motion for summary judgment, the defendant submitted an affidavit of its owner, Salvatore Sena, Jr., who averred, inter alia, that he had never agreed to repair the plaintiff's vehicle and that the plaintiff had been free to pick up his vehicle at any time after he paid the towing and storage fees. The plaintiff, having failed to file an objection to the defendant's

motion, much less any countering affidavits or other evidence in opposition thereto, did not refute any of the averments in Sena's affidavit. Because the plaintiff failed to provide any evidentiary support for his claim that the defendant had agreed to repair his vehicle and to provide him an estimate of the cost of such repairs, the court was entitled to rely on Sena's uncontradicted averments that the defendant had never agreed with the plaintiff to make or estimate the costs of such repairs. In the absence of any genuine issue of material fact as to the formation of such an agreement between the parties, the court properly determined that the defendant was entitled to judgment on his claim of breach of contract as a matter of law.

The court also granted summary judgment on the defendant's counterclaim. The defendant did not specify in its motion for summary judgment that it was seeking judgment on the counterclaim. Instead, in the memorandum of law attached to its motion, it set forth only the factual basis for its argument that there was no genuine issue of material fact as to the claim of breach of contract set forth in the plaintiff's complaint. As to its own counterclaim, by contrast, the defendant simply described the claim as follows: "The defendant has filed a counterclaim seeking a declaration of abandonment by [the] court due to the plaintiff's failure to pay for the towing and storage charges or to otherwise make arrangements to pay for the same." Thereafter, in the last paragraph of its memorandum of law, the defendant merely asked the court, in conclusory fashion, to grant summary judgment in its favor on the plaintiff's complaint and "order the plaintiff's vehicle abandoned pursuant to [§] 14-150 (a), so that the defendant can sell said vehicle to recover [its] losses for towing and storage charges the plaintiff failed to pay."

The defendant did not recite the language or requirements of the statute pursuant to which it claimed it was entitled to judgment on its counterclaim; nor did it argue that it had satisfied those statutory requirements, and thus become entitled to judgment on the counterclaim as a matter of law. Section 14-150 (a), the statute pursuant to which the defendant sought summary judgment declaring that the plaintiff's vehicle was abandoned, and the statute cited by the trial court in granting the defendant's motion for summary judgment, provides as follows: "Any person who abandons any motor vehicle within the limits of any highway or upon property other than such person's own without the consent of the owner thereof for a period longer than twenty-four hours shall have committed an infraction and shall be fined not less than eighty-five dollars. The last owner of record of a motor vehicle found abandoned, as shown by the files of the Department of Motor Vehicles, shall be deemed prima facie to have been the owner of such motor vehicle at the time it was abandoned and the person who abandoned the same or caused or procured

its abandonment." So written, § 14-150 (a) does not pertain to the plaintiff's vehicle, which was neither abandoned on any highway nor on the defendant's property without its consent. Hence, although the defendant may be entitled to judgment under a different subsection of § 14-150, particularly subsection (g),[2] as it claimed in its counterclaim, its memorandum of law is devoid of any argument or analysis in support of its motion for summary judgment on the counterclaim. The defendant, thus, failed to show that it was entitled to judgment on the counterclaim as a matter of law.

The judgment on the complaint is affirmed. The judgment on the counterclaim is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] Attached to his revised complaint, the plaintiff submitted a document entitled, "Laws that were violated," and lists the following: abandoned motor vehicles; larceny by extortion; fraud and false statements, including fraudulent/intentional misrepresentation, intentional negligence, failure to warn, and false information and hoaxes; tortious interference; unsworn declaration under penalty of perjury; general admissibility of relevant evidence; perjury; accessory after the fact; punitive damages. Because the plaintiff merely set forth these alleged violations in list form, as an attachment to his complaint, they were not properly pleaded in his complaint.

[2] General Statutes § 14-150 (g) provides: "The owner or keeper of any garage or other place where such motor vehicle is stored shall have a lien upon the same for such owner's or keeper's towing or storage charges, or both, that result from towing or storage under this section. Unless title has already vested in the municipality pursuant to subsection (d) of this section, if the current market value of such motor vehicle as determined in good faith by such owner or keeper does not exceed one thousand five hundred dollars and such motor vehicle has been stored for a period of not less than fifteen days, such owner or keeper may, unless an application filed by the owner pursuant to subsection (e) of this section is pending and the owner of such motor vehicle has notified such owner or keeper that such application for hearing has been filed, sell the same for storage and towing charges owed thereon, provided a notice of intent to sell shall be sent to the commissioner, the owner and any lienholder of record of such motor vehicle, if known, five days before the sale of such vehicle. If the current market value of such motor vehicle as determined in good faith by such owner or keeper exceeds one thousand five hundred dollars and if such motor vehicle has been so stored for a period of forty-five days, such owner or keeper shall, unless an application filed by the owner pursuant to subsection (e) of this section is pending and the owner of such motor vehicle has notified such owner or keeper that such application for hearing has been filed, sell the same at public auction for cash, at such owner's or keeper's place of business, and apply the avails of such sale toward the payment of such owner's or keeper's charges and the payment of any debt or obligation incurred by the officer who placed the same in storage, provided if the last place of abode of the owner of such motor vehicle is known to or may be ascertained by such garage owner or keeper by the exercise of reasonable diligence, notice of the time and place of sale shall be given to such owner and any lienholder of record by mailing such notice to such owner by certified mail, return receipt requested, at such last usual place of abode, at least five days before the time of sale. At any public auction held pursuant to this subsection, such garage owner or keeper may set a minimum bid equal to the amount of such owner's or keeper's charges and obligations with respect to the tow and storage of the motor vehicle. If no such bid is made, such owner or keeper may sell or dispose of such vehicle."