[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 20, 1995, the plaintiffs, Richard and Barbara Perrotti, filed a two count complaint sounding in negligence and loss of consortium, against the defendant, Linda Magliola. The plaintiffs' action arises from a rearend-type motor vehicle accident, which they claim was caused by the negligence of the defendant. On December 1, 1995, the defendant filed her answer, in which she admitted that a collision occurred, but denied that she was negligent.
On April 22, 1997, the plaintiffs filed a motion for summary CT Page 9672 judgment as to liability only on the ground that no genuine issue of material fact exists as to the liability of the defendant. Pursuant to Practice Book § 380, the plaintiffs filed a memorandum of law in support of their motion and attached Richard Perrotti's affidavit and a copy of the police accident report regarding the motor vehicle accident in question. On July 23, 1997, the defendant filed a memorandum of law in opposition along with the defendant's affidavit.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgement, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 203, 663 A.2d 1001 (1995). Moreover, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984). In support of their motion for summary judgment, the plaintiffs rely on Richard Perrotti's affidavit and a copy of the police report. In the affidavit, Richard Perrotti refers to Magliola's deposition testimony taken on March 27, 1997, in which she acknowledged that the collision was her fault.
Magliola argues that the court should not consider the defendant's deposition testimony incorporated into Richard Perrotti's affidavit because the plaintiffs did not; provide the court with a certified transcript of that testimony. Practice Book § 381 requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." Moreover, "[o]nly evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co. v. Aetna Life CasualtyCo., supra, 235 Conn. 202-03.
Perrotti's affidavit may not be relied on in support of the plaintiff's motion for summary judgment for several reasons. First, the plaintiffs did not comply with Practice Book § 381 because they failed to attach a certified copy of the defendant's deposition testimony referred to in Richard Perrotti's affidavit. Second, the reference to Magliola's deposition testimony in the affidavit is not admissible as evidence and does not comply with CT Page 9673 the requirements of Practice Book § 380. Doe v. X Corporation,
Superior Court, judicial district of New Haven at New Haven, Docket No. 351397 (January 30, 1997, Silbert, J.). Uncertified deposition testimony is not considered in evaluating the motion for summary judgment. Piscitelli v. Metro North CommuterRailroad, Superior Court, judicial district of New Haven at New Haven, Docket No. 326325 (September 5, 1995, Zoarski, J.).
The plaintiffs also offer in support of their motion a copy of the police report for the accident. The defendant argues that the court should not consider the police report because the officer's conclusions in the report are hearsay in that he did not witness the accident.
Except for the portions of the police report that contain the personal observations of the police officer, none of the statements in the report are admissible against the defendant because of the hearsay rule. Fogarty v. Rashaw, supra,193 Conn. 444.
The police report may not be considered by the court because the report contains statements that were not within the personal observation of the investigating officer.
The court cannot properly consider Richard Perrotti's affidavit and the copy of the police report, therefore the court cannot resolve "the mixed question of fact and law of whether the defendant met the requisite standard of care under the circumstances, particularly those relating to whether [s]he had a reasonable opportunity to avoid the collision." Fogarty v.Rashaw, supra, 193 Conn. 446.
Accordingly, the plaintiff's motion for summary judgment is denied.
HOWARD F. ZOARSKI JUDGE TRIAL REFEREE