[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#114)
The Plalntiff Lesa Riley has brought this action for damages against the Defendant Metropolitan District Commission (MDC), claiming that she fell into an open water/gas access hole which was maintained, managed and controlled by the Defendant. The one-count complaint alleges that the subject access hole was located on a public street. The Defendant has moved for summary judgment on the ground that it is entitled to governmental immunity.
[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarezv. Dickmont Plastics Corp. , 229 Conn. 99, 105 (1994). The moving party has the burden of showing the absence of any genuine issue as to all material facts. Fogarty v. Rashaw, 193 Conn. 442, 445
(1984). A material fact is one that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578 (1990).
Defendant's motion is based on the complaint sounding in common law negligence. If such were the case, the motion would be granted. The Defendant is a municipal corporation created by special act of the legislature. See Rocky Hill ConvalescentHospital, Inc. v. Metropolitan District, 160 Conn. 446, 450
(1971). As such, it is entitled to the privilege and immunities of a municipality.
A municipality enjoys governmental immunity for common law negligence unless a statute has limited or abrogated this immunity. Williams v. New Haven, 243 Conn. 763, 769 (1998). Practice Book § 10-3(a) provides that a statute upon which a pleading is grounded must therein be specifically identified by its number. No such statute limiting or abrogating that immunity is cited in the complaint.
However, the inquiry does not end here. Plaintiffs notice to Defendant of its claim specifically specifies that her claim is CT Page 8012 made pursuant to General Statutes § 13-149 (sic). (Plaintiff concedes in her opposition memorandum that thus was a clerical error, the proper intended statute being § 13a-149.) This is sufficient notice that this one-count complaint is grounded on an alleged violation of § 13a-149.
Genuine issues of material fact remain concerning satisfaction of the requirements of § 13a-149. The motion is denied.
David L. Fineberg Superior Court Judge