[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Vincent P. Larobina, has moved for summary judgment (motion #131) as to three of the eleven counts of his amended revised complaint dated September 10, 1999. The plaintiff claims that the defendant, First Union National Bank, falsely reported to various credit agencies that the plaintiff was in default in payment of a home equity loan, now held by the defendant by virtue of several assignments. The plaintiff also alleges that the defendant falsely indicated to such agencies that it was foreclosing its mortgage securing said loan.
The motion for summary judgment relates to counts three, four and ten. Counts three and four claim both statutory and common law negligence on the part of the defendant, and count ten CT Page 122 alleges a violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA). In the third count, the plaintiff contends that the defendant reported the alleged default to credit agencies despite knowing that the plaintiff was contesting the existence of the default based on his claim that he and a predecessor bank of the defendant had entered into a "Re-Age Agreement," on or about November 1, 1994, which modified the terms of the original note and mortgage dated September 25, 1986. According to the plaintiff, this agreement extended the maturity date from its original ten year period to permit the plaintiff to pay off the then existing balance in monthly installments of a fixed amount. The plaintiff alleges in this count that despite the defendant's knowledge of the modification of the due date of the original note, it failed to notify the credit agencies that the plaintiff was denying that he was in default. The plaintiff contends that as a result of this failure to report accurately the existence of a dispute, the defendant was negligent both under the common law and by violating the federal Consumer Credit Protection Act,15 U.S.C. § 1681, 1666.
In the fourth count of his complaint, the plaintiff again alleges both statutory and common law negligence based on the same federal statutes referred to in count three. In this count, the plaintiff contends that the defendant falsely reported to various credit agencies that it had commenced foreclosure proceedings against the plaintiff when this was not true.
The plaintiff claims in his tenth count that the defendant violated CUTPA by its false reporting to credit agencies and its refusal to correct such allegedly erroneous information. In addition to the alleged violations of the above referenced federal statutes, the plaintiff contends that the defendant's conduct offends public policy, is unethical and has caused him substantial injury.
In opposing summary judgment, the defendant has submitted the affidavit of an assistant secretary, Selina L. Schroer, who states that she has handled this case since the beginning of litigation. The plaintiff has based his contention that he was not in default on the existence of the alleged Re-Age Agreement. The affiant states the defendant conducted an investigation and "has not located any record, either paper or electronic, of the existence" of this agreement. Ms. Schroer also indicates that "at the time such reporting was made, [the defendant] had no CT Page 123 knowledge that its reporting was incorrect, in that it had no knowledge as to the existence of the purported Re-Age Agreement." The affiant also states that at the time the defendant advised the various credit agencies about foreclosure, "First Union had made a decision to refer the matter to outside counsel to commence a foreclosure, a decision which was reversed when Larobina commenced this litigation."
Summary judgment may be granted according to Practice Book § 17-49 only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. The affidavit of Ms. Schroer raises the issue of whether a valid Re-Age agreement exists, and, if so, whether the plaintiff could reasonably be deemed to have been in default in payment of the terms of the original home equity loan. These counts, furthermore, involve the intention of the parties to enter into a modification of the maturity date of the loan and the issue of whether the defendant's conduct was negligent. Neither of these issues lends itself to disposition by summary judgment. Suarez v.Dickmont Plastics Corp. , 229 Conn. 99, 111, 639 A.2d 507 (1994);Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984).
Thus, the plaintiff has not sustained his burden of proof that there are no genuine issues of material fact and his motion for summary judgment as to counts three, four and ten is denied. Because the affidavit of Ms. Schroer is accepted by this court in ruling on the motion for summary judgment, the plaintiff's motion for sanctions (#139) with respect to the filing of this affidavit, which appeared on the short calendar of November 15, 1999, is moot.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of January, 2000.
William B. Lewis, Judge