[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this action, the plaintiff, Janet Masih, seeks damages for personal injuries sustained on June 10, 1998 after her car struck a pothole or uneven pavement on the Interstate 91 highway near Middletown, Connecticut which was being resurfaced by the defendant, L.G. DeFelice, Inc., a general road construction contractor.
Count One of the plaintiff's two count complaint alleges that the defendant had a duty to safely mark hazardous conditions on the roadway and failed to mark uneven portions of the roadway and instead placed traffic cones steering vehicles into the incorrectly maintained portion of the roadway which hazard it either created or become aware of. Count Two alleges a violation of CUTPA in that after the incident, the defendant's agent, Brian Festa, failed to contact its insurance carrier, and that it has been the general business practice of the defendant to inform similarly situated claimants that it is processing claims but then fail to respond to any further communications in the hopes that the statute of limitations would expire.
On June 6, 2002, the defendant filed this motion for summary judgment claiming that the plaintiff is unable to establish with requisite specificity the roadway defect which allegedly caused the accident. Defendant supported its motion by documents including an affidavit and a certified deposition transcript, and plaintiff filed a memorandum in opposition.
 I.
Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). Although the issue of causation generally requires factual findings based on evidence, the issue becomes one of law when the mind of a fair and
CT Page 14009
reasonable person could reach only one conclusion, and summary judgment may be granted based on a failure to establish causation. Abrahams v.Young Rubicam, Inc., 240 Conn. 300, 307, 692 A.2d 709 (1997).
In "C" Fish Co. v. Shugrue, 7 Conn. App. 561, 509 A.2d 1063, cert. denied, 201 Conn. 801, 513 A.2d 697 (1986), the plaintiff sued, inter alia, a road paving contractor for personal injuries and property damage after the plaintiff's tractor trailer truck hit a piece of metal on the highway in an area where the contractor had recently conducted road construction. The threshold factual issue with respect to the plaintiff's negligence action against the contractor was whether the contractor caused a piece of metal to be in or remain in the traveled portion of the highway. Where the only evidence linking the contractor to the cause of the road defect was the contract to repave the highway, and absent any proof of the point in time when the defect came into existence, a jury could not reasonably infer negligence and, therefore, a directed verdict was proper.
Defendant's claim rests on the deposition testimony of the plaintiff, which contains the following statements made by the plaintiff at her deposition:
"I don't know what I hit, something on the highway."
"Jack, I don't know what I hit."
"If I knew — I don't know. I don't know. It was a bump, it was a hole, it was a — I don't know. All of a sudden bump and that was it."
The evidence offered, taken in the light most favorable to the plaintiff, is sufficient to establish the existence of a material fact as to whether the defect was created by the defendant even under the criterion of Shugrue supra. First, while the testimony of the plaintiff is unclear as to the exact cause of her injury, her deposition asserts that as she was driving along the roadway in the area under construction by the defendant, she hit a "bump" or a "hole." Second, based on the plaintiff's deposition and the affidavit of the defendant's agent, Brian Festa, the evidence suggests that the defendant was engaged in road construction in the area where the plaintiff allegedly encountered the roadway defect. While the case at hand is factually analogous toShugrue, the fundamental factual distinctions, as construed in the light most favorable to the plaintiff, are that the defendant in this case was engaged in road construction of the nature that could logically have caused the defect and the defendant was engaged in road construction at
CT Page 14010
the time the injury occurred.
Although this evidence requires the trier of fact to logically infer firstly, that the plaintiff's injury was in fact caused by a pothole or other road defect, and secondly, that this defect was created by the road construction, the evidence is sufficient to establish a genuine issue material fact as to whether the defendant's conduct or failure was the cause of the defect.
 II.
Because the defendant has neither addressed nor proffered evidence to rebut the allegations in Count Two of the plaintiff's complaint, the motion for summary judgment is being considered as applicable only to the Count One negligence claim.
Motion for Summary Judgment is denied.
 ___________________ Wagner, JTR
CT Page 14010-a